[Crim. No. 77. In Bank.—April 15, 1896.]

THE PEOPLE, RESPONDENT, v. CHARLES MAR-
SHALL, APPELLANT.

CRIMINAL LAW—HOMICIDE—ERRONEOUS INSTRUCTION—REASONABLE DOUBT
—BURDEN OF PROOF—UNCORROBORATED EVIDENCE OF DEFENDANT.—
Upon the trial of a defendant accused of murder, an instruction to the
effect that up to the moment of killing, the prosecution must make out
its case beyond a reasonable doubt, but, when the killing is proved, the
burden of proof changes, and the defendant must show, by a preponder-
ance of evidence, circumstances in mitigation, or to excuse or justify the
homicide, is prejudicially erroneous, when it appears that the defendant
personally testified to circumstances of justification, though his evidence
was entirely uncorroborated.

ID. — REVIEW OF EVIDENCE— JURISDICTION OF APPELLATE COURT.—The
supreme court has no jurisdiction in criminal cases, except to determine
questions of law, and it cannot pass upon the evidence, or look at it,
except for the purpose of considering a question of law; and the only
way it can correct an error is by granting a new trial.

ID.—CONTRADICTORY INSTRUCTIONS—PREJUDICIAL ERROR.— Prejudice is
presumed from an erroneous instruction in a criminal case; and it can-
not be rendered harmless by giving a contradictory instruction which is
correct; but the giving of contradictory instructions is itself error, and
it is usually impossible to tell whether the jury may not have followed
the erroneous instruction.

APPEAL from a judgment of the Superior Court of
Riverside County and from an order denying a new
trial. J. S. NOYES, Judge.

The facts are stated in the opinion of the court.

*R. E. Bledsoe,* and *C. C. Haskell,* for Appellant.

The ninth instruction given at the request of the
prosecution was erroneous. (*People* v. *Bushton,* 80 Cal.
160; *People* v. *Elliott,* 80 Cal. 296; *People* v. *Lanagan,* 81
Cal. 142.) It was greatly prejudicial, and such error
cannot be cured or avoided by giving other instructions
on the same case which correctly state the law. (*People*
v. *Bush,* 65 Cal. 134; *People* v. *Wong Ah Ngow,* 54 Cal.
151; 35 Am. Rep. 69; *People* v. *Campbell,* 30 Cal. 312;
*People* v. *Valencia,* 43 Cal. 552; *People* v. *Anderson,* 44
Cal. 65.)

*W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

There was no evidence before the jury upon which a plea of justification could be predicated. There was then no evidence to which the instruction complained of was applicable. (*People* v. *Roberts,* 6 Cal. 214; *People* v. *Honshell,* 10 Cal. 83; *People* v. *Sanchez,* 24 Cal. 17; *Hirshberg* v. *Strauss,* 64 Cal. 272; *People* v. *Turcott,* 65 Cal. 126; *People* v. *Gray,* 66 Cal. 271.) If the court can see that an erroneous instruction did not mislead the jury, the judgment will not be disturbed. (Hayne on New Trial and Appeal, sec. 122; *People* v. *Bruggy,* 93 Cal. 476; *People* v. *Winters,* 93 Cal. 277.) The instruction complained of could have worked no substantial injury to defendant, because of certain instructions given at the instance of the defense, in two or three different forms, which certainly cured any error therein presented, if error indeed obtained. (*People* v. *Cronin,* 34 Cal. 204.)

TEMPLE, J.—The defendant was convicted of murder in the first degree, and takes this appeal from the judgment and from an order refusing a new trial.

Appellant makes several points upon which a reversal is claimed; but, as I think a new trial must be had, and as most of the alleged errors are of a character not likely to be repeated, they need not be noticed.

The homicide was practically admitted by the defendant, but he claimed that it was in necessary self-defense. At the request of the district attorney the court gave the instruction approved in *People* v. *Hong Ah Duck,* 61 Cal. 394, but which, upon mature consideration, was declared erroneous in *People* v. *Bushton,* 80 Cal. 160, and in *People* v. *Lanagan,* 81 Cal. 142.

The instruction was as follows: "Up to the moment when the killing is proved, the prosecution must make out its case beyond a reasonable doubt. When the killing is proved, it devolves upon the defendant to show

any circumstance in mitigation to excuse or justify by a preponderance of evidence on his part. That is, the killing being proved, the defendant must make out his case in mitigation to excuse or justify by some proof stronger in some appreciable degree than the proof of the prosecution. The burden of proof changes. It must be in some appreciable degree, no matter how small, stronger than the proof of the prosecution on the other side."

The attorney general admits that the instruction was erroneous, but claims that it was not injurious for two reasons:

1. There was no evidence in the case which tended to make a case of justifiable homicide or which tended to reduce the grade of the offense. To show this he prints in his brief what purports to be an extract from the opinion of the trial judge in refusing a new trial. In this appears a statement of the facts in regard to the homicide, made for the purpose of showing that there was no possible claim that the killing was in necessary self-defense. That nearly every material fact in this statement was contradicted by the defendant as a witness is absolutely conclusive that the instruction was injurious. That the testimony of the defendant did tend to show justification is admitted by the judge in this statement, but he says his evidence was uncorroborated; and he says such was the case in *People* v. *Smith,* 59 Cal. 601, where it is held that a similar instruction was not injurious because there were no facts which tended to show justification. I do not so understand that case. On the contrary, the court said, as I read the case, that even the defendant testified to no fact which tended to justify the homicide.

The defendant had a right to have his own testimony considered, and, if it was sufficient to raise a reasonable doubt in the minds of the jurors as to whether the killing was justifiable, he was entitled to an acquittal though he was entirely uncorroborated.

The point made by the attorney general really is:

That the evidence against the defendant was so over-
whelming that his uncorroborated testimony could not
possibly be accepted by the jury, and, therefore, he is not
injured.    But this court cannot thus pass upon the evi-
dence.    This court has no jurisdiction in criminal cases,
save on questions of law.    The law has prescribed cer-
tain rules of pleading, practice, and evidence, in ac-
cordance with which persons accused of crimes must
be tried.    This court has appellate jurisdiction for the
correction of errors in such cases.    Evidently the func-
tion of this court on such an appeal is to determine
whether a defendant has been tried as the law pre-
scribes.    If he has not been there is but one way to
correct the error, and that is to grant a new trial.    But
a defendant would not be entitled to a new trial for any
error which has not prejudiced his case.    This rule pre-
vails in civil as well as criminal cases.    But this court
cannot say that a defendant has not been injured be-
cause, notwithstanding the error, he must have been
convicted anyway, as the evidence is very convincing.
We cannot look at the evidence except for the purpose
of considering some questions of law which may be
raised in regard to it.    We can only regard persons
guilty or innocent upon a verdict of a jury upon a trial
according to law.    If an appellant has been wrongly
deprived of evidence, or has been required to make a
stronger case than the law demanded, he has been in-
jured.

2. The other ground upon which the attorney general
claims that the instruction is not injurious is because
the court gave other instructions of a contrary effect.
For instance, the jury was told that the burden of
proof always was upon the people, and that it was only
necessary for the defense to create a reasonable doubt
as to his guilt to entitle him to an acquittal.

To give contradictory instructions must be to commit
error, and it is almost always impossible in such cases
to say that the jury has not followed the erroneous in-
struction rather than the correct one.    If the court

properly instructed the jury for defendant that it was only necessary to create a reasonable doubt to entitle him to an acquittal, and then instructed them that this rule only applied up to the time when it was proved that defendant killed the deceased, but from that time defendant must make his defense by a preponderance of proof, no one would doubt that the last instruction was injurious, notwithstanding the correct general proposition. · In effect that is exactly what was done here.

The judgment and order are reversed and a new trial ordered.

McFarland, J., Garoutte, J., Harrison, J., Van Fleet, J., and Henshaw, J., concurred.