## The People *v.* Roman et al.

### Appeal from the District Court of Mayagüez.

No. 33.—Decided December 14, 1903.

Evidence —New Trial.—The exclusion of pertinent evidence constitutes an error of such a nature as to necessitate the reversal of the judgment and the granting of a new trial.

Rape —Force and Violence —Unwillingness and Resistance.—Force and violence on the part of the ravisher and unwillingness and resistance on the part of the prosecutrix are essential elements of the crime of rape.

Id.—Evidence —Character of Prosecutrix.—Evidence of the bad character of the prosecutrix for chastity is not admissible upon a prosecution for the crime of rape.

Id.—Prostitutes.—The crime of rape may be committed on a prostitute.

Information —Question of Law.—When there is no evidence to sustain the allegations contained in the information, a question of law is presented on which the Supreme Court, in the exercise of its appellate jurisdiction, is competent to act.

Pruebas.—Los errores cometidos en la exclusión de pruebas ó en la apreciación de la que se hubiere admitido, deben ser corregidos por el Tribunal inferior al celebrar un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos* (Juan R.).

Abogado del apelado: *Sr. del Toro*, Fiscal.

El Juez Asociado Sr. MacLeary emitió la siguiente opinión del Tribunal:

Los recurrentes en esta causa, fueron procesados en unión de tres otros, por haber violado á dos mujeres en el camino entre Aguadilla y San Sebastian, en la madrugada del día 10 de Mayo del presente año. Los testigos de cargo fueron las dos mujeres que se alegan haber sido violadas, y otra mujer que con ellas andaba por el camino, con un niño en sus brazos; y un muchacho, hijo de esta última mujer, que las acompañaba.

Solo los recurrentes fueron declarados culpables en el juicio de la causa. Dichos recurrentes fueron juzgados por el Tribunal de Distrito de Mayagüez sin un jurado, y declarados culpables por mayoria de votos de los Jueces de dicho Tribunal, el día 11 de Junio último. Los hechos consignados en los autos son los siguientes:

"Que en la madrugada del día 10 de Mayo del corriente año, yendo las mujeres Secundina Loperena y Antonia Santiago, por la carretera que conduce del pueblo de San Sebastian al de Aguadilla, los acusados José y Tomás Roman, mediante amenaza de grave é inmediato daño corporal con los machetes que portaban y empleando la fuerza y la violencia yacieron con dichas mujeres, conduciéndolas al interior de un cafetal inmediato al camino, saltándolas por encima de una cerca de alambre, despues de lo cual se retiraron dejándolas marchar libremente".

Los recurrentes fueron sentenciados á la pena de ocho años de presidio, con trabajos forzados, y al pago de las costas. El Juez Erwin del Tribunal de Distrito disintió de la sentencia, votando á favor de la absolución de todos los acusados. Durante la celebración del juicio, un hombre que

EVIDENCE.—ERRORS.—Errors committed in the exclusion of evidence or in the consideration of such that has been admitted, must be corrected by the lower court on a new trial.

The facts are stated in the opinion.

*Mr. Juan R. Ramos* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE MACLEARY rendered the opinion of the court as follows:

The appellants in this case were prosecuted with three others for ravishing two women on the road between Aguadilla and San Sebastian, early on the morning of the 10th of May, of the present year. The witnesses for the prosecution were the two women alleged to have been violated, and another women who was walking with them along the road, with a child in her arms, and a boy, son of the latter woman, who accompanied them.

The appellants alone were convicted on the trial of the cause. They were tried before the District Court of Mayagüez, without a jury and adjudged guilty by a majority vote of the judges of that court, on the 11th day of July last. The facts set out in the record are as follows:

"That in the early morning of the 10th of May of the present year, two women, Secundina Loperena and Antonia Santiago, who were walking along the high-road which leads from the town of San Sebastian to that of Aguadilla, and the accused, José Román and Tomás Román by means of serious threats of immediate corporal harm with the cutlasses which they carried, and employing force and violence had carnal intercourse with the said women, taking them into a coffee plantation, by lifting them over a barb-wire fence; after which they retired leaving the women to proceed freely."

The appellants were sentenced to the punishment of eight years in the penitentiary at hard labor, and the payment of the costs. Judge Erwin of the District Court dissented from the judgment, voting in favor of the acquittal of all the accused.

habia estado pastando su caballo cerca del camino, declaró: Que en la madrugada de referencia, los dos hermanos José y Tomás Roman habian pasado por su lado llevando de brazo á dos mujeres.

En nombre de los acusados, el abogado de los mismos, Don Pascasio Fajardo, suplicó al Tribunal que hiciera comparecer á las mujeres ante el Tribunal, para que fuesen reconocidas por dicho testigo, cuya súplica fué denegada, declarándose impertinente la prueba por el Tribunal. Contra esta decisión del Tribunal el abogado de los acusados opuso en debida forma una excepción. La prueba ciertamente era importante, porque el testigo declaró que dichas mujeres habian ido de brazo con los hombres, si no voluntariamente al menos sin ninguna resistencia, y, presumiblemente, sin pedir auxilio, puesto que no se ha hecho mención de tal circunstancia. Si dicho testigo hubiese podido identificar á las mujeres de quienes se alegaba que habian sido perjudicadas, como las mismas que vió andar tranquilamente con los acusados, esto habria hecho su declaración mucho más satisfactoria para el Tribunal; y al mismo tiempo habría dado al Ministerio Fiscal una oportunidad para refutar dicha declaración. Si no hubiera podido identificarlas, la fuerza de su testimonio habría sido, por supuesto muy debilitada. Ciertamente, la prueba era pertinente, y puesto que hubiera ayudado, de una manera importante, en la investigación de la verdad, debiera haberse admitido. Nosotros creemos que la exclusión de este testimonio era un error, que hace necesaria la anulación de esta sentencia.

Pero, además, considerando todos los hechos y circunstancias del caso, juntos, tales como constan en los autos presentados á este Tribunal; leyendo las declaraciones de los testigos á favor y en contra, y dando á las declaraciones de los acusados, solamente el crédito que merecen, dudamos seriamente de que se haya cometido violación alguna en la referida ocasión. No se ha declarado nada con respecto á

During the progress of the trial it was testified by a man who had been grazing his horse near the road, that the two brothers, José and Tomás Román, had passed him arm in arm with two women on the morning referred to.

On behalf of the defendants their attorney, Pascasio Fajardo, Esq., requested the court to cause the woman to appear in court in order that they might be recognized by the aforesaid witness which request was denied, the court declaring the evidence impertinent. To this ruling of the court the attorney for the defendants in proper form reserved an exception. The evidence was certainly material, because the witness had testified that the women were walking arm in arm with the men, if not willingly, at least without any resistance, and presumably without calling for assistance, as no mention was made of that circumstance. If he could have identified the women who were alleged to have been injured, as the same he saw walking quietly with the accused, it could have made his evidence much more satisfactory to the court, and at the same time have furnished the prosecution an opportunity to rebut his testimony. If he could not have done so, the force of his testimony would of course have been greatly weakened. Certainly the evidence was pertinent and as it would have materially assisted in the search for truth, it should have been admitted. We believe that the exclusion of this testimony was such an error as necessitates the reversal of this judgment.

But further, taking all the facts and circumstances of the case together, as they appear in the record presented to this court, reading the testimony of the witnesses pro and con, and giving only such credence to the statements of the accused as they may deserve, we gravely doubt any rape having been committed on that occasion No threats were testified to, except that one of the accused remarked to the women, "You

amenazas, excepto que uno de los acusados dijo á las mujeres: "ahí se concluyen sus destinos". No se hizo ninguna fuerza, excepto que cada uno de los hombres cogió á una de las mujeres por el brazo, y se fué con ella al cafetal adyacente, escalando la cerca en el trayecto. Falta completamente toda prueba de otra violencia. Alguno de los testigos ha dicho que las mujeres fueron arrastradas por encima de la cerca; pero las circunstancias no corroboran este aspecto del caso. No se ha demostrado, por el testimonio de ningún testigo, resistencia alguna de parte de las mujeres perjudicadas; y ellas no dieron ningún grito de alarma, ni cuando pasaron por el lado del viajero que estaba pastando su caballo en la orilla del camino.

Los muy esenciales elementos de fuerza y violencia por parte del violador, falta de voluntad y resistencia de la mujer violada, que en semejantes casos constituyen el crimen de violación, parecen faltar en esta ocasión. No es necesario hacer referencia al carácter de las mujeres, aunque hay pruebas incontestables de que eran prostitutas. Es verdad que la violación puede cometerse tanto contra una mujer de esta clase, como contra cualquiera otra; pero esto no ocurre con frecuencia; y el hecho de que una mujer carezca de modestia y castidad, y pertenezca á aquella desgraciada clase que ha abandonado completamente la senda de la virtud, hace menos probable que sea necesaria la fuerza ó violencia por parte de un hombre que desee satisfacer sus apetitos carnales, y parece ser más probable en casos como el presente, que el hecho haya sido consumado con el permiso de la mujer, ó por una retribución pecuniaria.

En casos como el presente, este Tribunal anteriormente hubiese, con toda probabilidad anulado la sentencia y absuelto á los acusados; pero desde la adopción del Código de Enjuiciamiento Criminal actualmente vigente, los poderes del Tribunal Supremo en cuanto á este particular, parecen ser más restringidos. El Artículo 345 de dicho Código dice lo que sigue:

have met your fate." No force was shown, except that each one of the men took one of the women by the arm and walked off into the adjoining coffee plantation, climbing the fence on the way. All evidence of other violence is entirely lacking. It is said by some of the witnesses that the women were dragged over the fence, but the circumstances do not corroborate this view of the case. No resistance on the part of the injured females was shown by the testimony of any witness, and no outcry was made, even when they passed the traveler who was grazing his horse by the road-side.

The very essential elements of force and violence on the part of the ravisher, unwillingness and resistance on the part of the violated women, which in such cases constitute the crime of rape seem to be wanting on this occasion. It is not necessary to refer to the character of the women, although there is undisputed evidence that they were prostitutes. It is true rape can be committed on a woman of this class, as well as on any other, but it does not often occur, and the fact that a woman lacks modesty and chastity, and belongs to that unfortunate class who have utterly abandoned the ways of virtue, renders it less probable that force or violence is necessary on the part of a man wishing to satisfy his carnal desires, and it seems more probable in cases like this that the deed was accomplished by permission or for a pecuniary compensation

In cases like the present, this court would formerly, in all probability, have reversed the judgment and acquitted the defendants; but since the passage of the Code of Criminal Procedure now in force, the powers of the Supreme Court in that particular seem to be more restricted. Section 345 of the said Code reads as follows:

"Art. 345.—Cualquiera de las dos partes en un proceso criminal, en persecución de un delito muy grave (felony) puede apelar ante la Corte Suprema siempre que la apelación verse sobre una cuestión de derecho, según queda prescrito en este capítulo".

Esto se ha tomado del Código Penal de California, en cuya Sección 1235 se lee lo siguiente:

Sección 1235.—Cualquiera de las partes en un proceso criminal seguido mediante acusación é información, podrá apelar al Tribunal Supremo solamente por motivo de cuestiones legales, según lo prescrito en este capítulo".

Una comparación demostrará que el lenguaje es casi idéntico. Por supuesto, las decisiones pronunciadas por el Tribunal Supremo de California, con respecto á esta sección, merecen que se les dé gran importancia en la interpretación de esta ley. Se ha declarado que cuando no haya pruebas para sostener la acusación consignada en la información, se presenta una cuestión legal sobre la cual el Tribunal Supremo, en el ejercicio de su jurisdicción de apelación, es competente para resolver. El Pueblo contra Smallman, 35 California, 191; El Pueblo contra Jones, 31 California 565.

Este parecer se ha sostenido en casos posteriores; y en 112 Cal. en una causa en que el Ministerio Fiscal pidió con urgencia la confirmación porque aunque se habían cometido errores, sin embargo las pruebas eran de tal naturaleza que en todo caso sería necesario declarar culpable al recurrente; el Tribunal Supremo dice:

"El punto principal alegado por el Fiscal General es realmente: Que las pruebas contra el acusado eran tan abrumadoras que no era posible que su testimonio no corroborado, pudiera ser aceptado por el Jurado, y que por lo tanto no se le había perjudicado. Pero este Tribunal no tiene jurisdicción en causas criminales, excepto sobre cuestiones legales. La ley ha prescrito ciertas reglas para alegaciones, práctica y pruebas con arreglo á las cuales deben ser juzgadas las

"Every party in a criminal action amounting to a felony, may appeal to the Supreme Court, on questions of law alone, as prescribed in this Chapter."

This is taken from the Penal Code of California, section 1235, which reads as follows:

"Section 1235.—Either party in a prosecution by indictment or information may appeal to the Supreme Court on questions of law alone, as prescribed in this Chapter."

A comparison will show that the language is almost identical. Of course the decisions made by the Supreme Court of California on this section are entitled to great weight in the interpretation of this statute. It has been held that when there is no evidence to sustain the charge set forth in the information a question of law is presented, on which the Supreme Court, in the exercise of its appellate jurisdiction is competent to act. (*People v. Smallman,* 55 Cal. 191; *People v. Jones,* 31 Cal. 565.)

This view is sustained in later cases; and in 112 California, the court, in a case in which the prosecution urged an affirmance because, although errors were committed, yet the evidence was such that in any event a conviction of the appellant would be necessary. The Supreme Court says:

"The point made by the Attorney General really is: That the evidence against the defendant was so overwhelming that his uncorroborated testimony could not possibly be accepted by the jury, and therefore he is not injured. But this court has no jurisdiction in criminal cases, save on questions of law. The law has prescribed certain rules of pleading, practice and evidence, in accordance with which persons accused of crimes must be tried. This court has ap-

personas acusadas de delitos.    Este Tribunal tiene jurisdicción de apelación para la corrección de errores en tales casos.    Evidentemente la función de este Tribunal en un recurso de esta clase, es determinar si el acusado ha sido juzgado conforme la ley lo prescribe.    Si no lo ha sido no hay más que un camino para corregir el error, y es, conceder un nuevo juicio.    Pero el acusado no tendría derecho á un nuevo juicio á causa de ningún error que no haya perjudicado su causa.    Esta regla prevalece tanto en asuntos civiles como en causas criminales.    Pero este Tribunal no puede decir que un acusado no haya sido perjudicado, porque á pesar del error, él de todos modos debería haber sido declarado culpable por ser las pruebas muy convincentes.    Nosotros no podemos fijarnos en las pruebas, excepto con el fin de considerar algunas cuestiones legales que pueden promoverse con respecto á las mismas.    Nosotros podemos solamente considerar á las personas culpables ó inocentes conforme al veredicto de un Jurado en un juicio celebrado con arreglo á la ley.    Si un apelante ha sido injustamente privado de pruebas, ó si se le ha exigido hacer una defensa más vigorosa de lo que la ley exige, entonces ha sido perjudicado.    'El Pueblo contra Marshall, 112 Cal, 425'.''

Bajo este punto de vista de la ley, el remedio que ha de darse por este Tribunal debe limitarse á conceder un nuevo juicio; dejando al Tribunal inferior el corregir los errores cometidos por la exclusión de pruebas, ó en el efecto dado á las que fueron admitidas.

Por lo tanto, despues de haber considerado·el asunto con atención y dado á cada hecho y circunstancia el valor que le corresponde, somos de la opinión de que debe anularse la sentencia dictada por el Tribunal de Distrito de Mayagüez, y devolverse la causa para la celebración de un nuevo juicio, ó para otra disposición de la misma, que le parezca justa á dicho Tribunal.

*Nuevo Juicio.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados Hernandez y Sulzbacher

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

pellate jurisdiction for the correction of errors in such cases. Evidently the function of this court on such an appeal is to determine whether a defendant has been tried as the law prescribed. If he has not been there is but one way to correct the error, and that is to grant a new trial. But a defendant would not be entitled to a new trial for any error which has not prejudiced his case. This rule prevails in civil as well as criminal cases. But this court cannot say that a defendant has not been injured because, notwithstanding the error, he must have been convicted anyway, as the evidence is very convincing. We cannot look at the evidence except for the purpose of considering some questions of law which may be raised in regard to it. We can only regard persons guilty or innocent upon a verdict of a jury upon a trial according to law. If an appellant has been wrongfully deprived of evidence, or has been required to make a stronger case than the law demanded, he has been injured." (*People v. Marshal,* 112 Cal. 425.)

Under this view of the law, the relief to be afforded in this court must be confined to granting a new trial; leaving it for the court below to correct the errors made in the exclusion of evidence, or in the effect given to that which was admitted.

Therefore, having considered the whole matter carefully, giving due weight to each fact and circumstance, we are of the opinion that the judgment of the District Court of Mayagüez should be reversed, and the cause remanded for a new trial, or such other disposition thereof as to that court may seem just.

*Remanded for new trial.*

Chief Justice Quiñones and Justices Hernández and Sulzbacher concurred.

Mr. Justice Figueras did not sit at the hearing in this case.