[Crim. No. 199.   First Appellate District.—December 20, 1910.]

## THE PEOPLE, Respondent, v. W. J. BARTNETT, Appellant.

CRIMINAL LAW—INDICTMENT—EMBEZZLEMENT OF BONDS BY ADMINIS-
TRATOR—CUSTODY CHANGED BY ORDER OF COURT—FAILURE OF
PROOF.—Under an indictment for embezzlement of bonds belonging
to the estate of a deceased person by a special administrator of the
estate, where the evidence shows that prior to the time of the
offense charged the custody of the bonds had been changed by an
order of court so as to make the California Safe Deposit and Trust
Company the legal custodian of the bonds, which held the same
subject to the order of the court, the charge made in the indictment
is not sustained by the evidence.

ID.—EMBEZZLEMENT BY MANAGER OF BANK—SALE OF BONDS—AIDING
AND ABETTING BY DEFENDANT—FATAL VARIANCE.—Where the only
embezzlement proved was that of the manager of the bank which
had become the legal custodian of the bonds, and who sold the same
for the benefit of the bank which became insolvent, any evidence
tending to show merely that the defendant was guilty of aiding and
abetting, advising and encouraging the manager to sell the bonds
would only tend to show him guilty as a principal with the manager
in the offense committed by him, which is not the offense charged,
and would only present a case of fatal variance between the proof
and the indictment.

ID.—CHARGE OF DISTINCT EMBEZZLEMENTS—TIME OF ELECTION—CLOSE
OF DISTRICT ATTORNEY'S OPENING STATEMENT.—Where the indict-
ment charged the embezzlement of a long list of securities, and the
district attorney in his opening statement disclosed that he expected
to prove in support of the charge that the enumerated securities
were embezzled in different parcels and at different times, the
court should have compelled an election of what distinct embezzle-
ment the district attorney would rely upon, at the close of the
district attorney's opening statement, before commencing the trial.

ID.—ELECTION OF OFFENSE—ERRONEOUS INSTRUCTION—CONVICTION FOR
AIDING OFFENSES CHARGED.—Where the district attorney elected to
rely upon a particular offense for conviction, it was prejudicial
error to instruct the jury to convict the defendant if he aided and
abetted the sale of the bonds described in the indictment or any
part thereof.

ID.—ERROR NOT CURED—CONFLICTING INSTRUCTION—CONSIDERATION OF
OTHER OFFENSES TO SHOW INTENT.—Such error is not cured by a
contradictory instruction that the jury may consider proof of other
offenses than the one relied upon to show intent.

ID.—NEW TRIAL—CONFLICTING INSTRUCTIONS.—When the instructions on a material point are contradictory, there should be a new trial.

ID.—ERROR IN REFUSING REQUESTED INSTRUCTIONS—CONTROL OF EMBEZZLED SECURITIES.—The court erred in refusing to give instructions requested by the defendant that it was necessary for the jury to find, before they could convict the defendant, that the securities embezzled were in defendant's possession or control as administrator of the estate of deceased at the time of the alleged embezzlement.

ID.—INACCURATE INSTRUCTION AS TO REASONABLE DOUBT—ORIGIN OF DOUBT.—The court gave an inaccurate instruction as to reasonable doubt in declaring that it must arise out of the evidence in the case, and ignoring the fact that it may arise out of the lack of evidence upon some issue involved.

ID.—INADMISSIBLE EVIDENCE—PRIOR COLLATERAL MATTERS—INTENT NOT INVOLVED.—Evidence was inadmissible to show independent and prior embezzlements of railway bonds and hypothecation of bonds, made long before the embezzlement relied upon and which relate to matters wholly collateral thereto, and having no causal connection therewith, and not tending to throw any light upon its intent.

ID.—PREJUDICIAL DECLARATIONS AS TO DISCREPANCIES IN ACCOUNTS FILED—ACCOUNTS NOT PRODUCED—RELATION NOT SHOWN TO OFFENSE.—It was prejudicial error to admit declarations by defendant as to discrepancies in his accounts filed as administrator, without any production of the accounts or any showing that they had any relation to the offense charged, but merely tending to prejudice the jury against the defendant without throwing any light upon the issue tried.

ID.—HEARSAY EVIDENCE AS TO SALE RELIED UPON.—The court improperly admitted hearsay evidence as to what another person did in selling the bonds which constituted the basis of the charge against the defendant for which he was being tried.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. William M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Gray & Cooper, Thos. J. Geary, R. Porter Ashe, P. F. Dunne, and James L. Robinson, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—The defendant was charged, under section 506 of the Penal Code, with embezzling certain bonds, alleged to

have been in his possession, care, custody and control as special administrator of the estate of Ellen M. Colton, deceased.

A verdict of guilty was rendered. Defendant moved for a new trial, which was denied, and judgment rendered upon the verdict, whereupon defendant appealed to this court from the judgment and order.

1. It is claimed that when the embezzlement, for which defendant was convicted, took place, the bonds were not in the possession, custody or control of defendant as special administrator of said estate, but had been, previously to such embezzlement, placed in the custody and care of the California Safe Deposit and Trust Company, to be by it held under the orders and directions of the court. That for this reason the charge made in the indictment is not sustained by the evidence.

After careful consideration we are of the opinion that this contention of appellant must be sustained.

Section 4 of the act entitled "An Act authorizing certain corporations to act as executors, etc." (Stats. 1891, p. 490, amended Stats. 1897, p. 424), provides that under certain circumstances the court may order the administrator to deposit with such corporation for safekeeping such portion or all of the personal assets of the estate as it shall deem proper . . . ; "and the property as deposited shall thereupon be held by said corporation under the orders and directions of said court."

The court did on the fifth day of December, 1906, make an order in the matter of the estate of Ellen M. Colton, deceased, whereby it "ordered that the said Walter J. Bartnett, the said special administrator of the estate of Ellen M. Colton, deceased, deposit all moneys and securities of said estate now in his hands or which may come into his hands hereafter, with the California Safe Deposit and Trust Company, a California corporation . . . said moneys to be paid out only on the orders of this court, and said securities to be held by said trust company for safekeeping, under the orders and directions of this court."

The securities had in fact been deposited with said corporation prior to this date and a receipt given therefor to said defendant, which was filed with said court. No new receipt

was given upon the making of the order, but the corporation was promptly informed of the order by defendant, and he thus relinquished to the corporation the custody and control that he theretofore had held over the Colton securities as special administrator. Thereafter the trust company held the custody and possession of the said securities under the orders and directions of the court, and defendant did not have the custody or control of said bonds as special administrator. The district attorney elected to try the defendant for an embezzlement that occurred May 13, 1907. The evidence of J. Dalzell Brown is to the effect that he caused certain of the Colton bonds to be taken from the trust company, of which he was manager, by another officer of the trust company, one Robertson, and sold on said date for the benefit of the trust company, or bank, as it was styled by the witnesses. It is not claimed that defendant himself sold or disposed of the bonds in question. The theory of the prosecution was that he advised and encouraged Brown to do so. But Brown was not the administrator of the Colton estate, and the Colton bonds were not in his possession or control as administrator, but as the manager of the trust company. In selling the bonds Brown acted in violation of his trust as such manager. If defendant was guilty of aiding and abetting, advising and encouraging Brown to sell the bonds, defendant was guilty as a principal, with Brown, in the offense committed by Brown. But the offense committed by Brown was not embezzlement by an administrator. It was not the offense charged against defendant. The record presents a case of fatal variance between the proof and the allegations of the indictment, and for this reason the judgment and order must be reversed.

We do not see how this vice can be cured by a retrial, which probably makes it unimportant to notice other errors, of which there are disclosed a goodly number, some of which we shall nevertheless point out.

2. The indictment charges the embezzlement of a long list of securities. The district attorney, in his opening statement, disclosed that he expected to prove, in support of the charge, that the enumerated securities were embezzled in different parcels and at different times. In other words, he expected to prove several distinct embezzlements, any one of which,

if proved, would support the charge set forth in the indictment. At the close of this statement the defendant requested the court to direct the district attorney to elect which offense he would rely upon as the one for which the defendant would be tried. The request was denied and exception taken.

Evidence was given tending to prove an offense committed about two years before the date alleged in the indictment, whereupon the motion to compel the district attorney to elect was renewed and denied, and exception taken. Subsequently, however, the court did compel the district attorney to elect, and he elected to rely upon a sale of certain enumerated securities that occurred May 13, 1907.

The court should have compelled an election as early at least as the close of the district attorney's opening statement. (*People* v. *Williams,* 133 Cal. 166, [65 Pac. 323]; *People* v. *Castro,* 133 Cal. 11, [65 Pac. 13]; *People* v. *Hatch,* 13 Cal. App. 521, [109 Pac. 1097].) Whether or not the error was cured by the subsequent direction and election need not be decided, as the judgment must be reversed for other reasons, and upon a retrial, if one be had, the court will doubtless follow the rule laid down in the cases above cited, and compel an election at the commencement of the trial.

3. In the indictment the defendant is charged with the embezzlement of a long list of securities. The evidence tended to show that various sales and hypothecations of different portions of the securities had been made at different times, for the benefit of the trust company, by J. Dalzell Brown. In other words, a number of distinct appropriations constituting distinct and separate offenses had been proven. Especially evidence had been given of distinct and separate sales of Colton bonds on May 10, May 11 and May 13, 1907, by Brown or by his direction. It was the sale of May 13, 1907, that had been selected by the district attorney as the offense for which defendant was being tried. The theory of the prosecution was that defendant had aided and abetted, or had advised and encouraged, Brown to sell and dispose of said bonds, and in support of this theory evidence had been given by Brown that defendant in 1905 told Brown to use the Colton bonds for the benefit of the bank, and again about May 13, 1907, asked him why he did not use some of the Colton securities.

Under this condition the court of its own motion instructed the jury as follows: "If you believe from the evidence in this case, to a moral certainty and beyond a reasonable doubt, that the defendant, W. J. Bartnett, was the duly acting and qualified administrator of the estate of Ellen M. Colton, deceased, and that as such special administrator there came into the control and possession of the defendant the bonds, or any part of them, described in the indictment, and thereafter the defendant deposited the bonds with the California Safe Deposit and Trust Company; and if you further believe to a moral certainty and beyond a reasonable doubt that the defendant W. J. Bartnett aided and abetted J. Dalzell Brown, or any other person, to sell or dispose of said bonds or any portion thereof, or, not being present, that the defendant advised and encouraged the said J. Dalzell Brown, or any other person, to sell and dispose of any portion of said bonds on or about May 13, 1907, then it is your sworn duty to convict the defendant."

This instruction is clearly erroneous. As before stated, defendant was being tried for an offense committed on May 13, 1907, and we may further add that the district attorney, in making his election, identified and specified the particular bonds claimed to have been embezzled on that day. The indictment enumerated a long list of bonds, containing many more than those selected by the district attorney. Passing the matters enumerated in that portion of the instruction preceding the semicolon, the jury were told by this instruction that it was their sworn duty to convict the defendant if they found that he aided and abetted Brown, or any other person, to sell and dispose of the bonds mentioned in the indictment, *or any portion thereof,* notwithstanding that he was upon trial for embezzling the bonds enumerated by the district attorney as having been sold on May 13, 1907, and none other. By the latter part of the charge the jury were authorized to convict if he advised and encouraged Brown or any other person to sell and dispose of any of the bonds mentioned in the indictment, on or about May 13, 1907. This would include the bonds sold on May 10th and 11th, as well as the bonds sold on May 13th. The jury were not even required to find that Brown did in fact sell and dispose of any of the bonds. It

was sufficient if defendant advised and encouraged him to
do so.

This instruction was clearly erroneous, and deprived defend-
ant of his right to be tried for but one offense under one in-
dictment.   It cannot be said that this instruction was modified
or controlled by other instructions.   It was a separate and
independent instruction, complete in itself, ending with an
instruction to convict under the circumstances therein enum-
erated.

The only instruction that has been called to our attention
that may be claimed to qualify the instruction above set forth
is one to the effect that the jury may consider evidence of sales
of Colton securities at times other than May 13, 1907, for the
sole purpose of determining the intent of defendant, etc.

The best that can be said of this instruction is that it is in
conflict with the instruction now under consideration.   "When
the instructions on a material point are contradictory, there
should be a new trial."   (*People* v. *Anderson,* 44 Cal. 65;
*People* v. *Valencia,* 43 Cal. 552; *People* v. *Bush,* 65 Cal. 129,
[3 Pac. 590]; *People* v. *Marshall,* 112 Cal. 422, [44 Pac. 718];
*Estate of Calef,* 139 Cal. 673, [73 Pac. 539].)

4. The court also erred in refusing to give instructions re-
quested by the defendant to the effect that it was necessary
for them to find, before they could convict the defendant, that
the securities embezzled were in defendant's possession or
control, as special administrator of the estate of Ellen Colton,
deceased, at the time of the alleged embezzlement.   Several
instructions to this effect were asked, and all refused, and
no equivalent instruction given.   The only one claimed by
the respondent as covering the question is one in which the
court merely read the section (506, Pen. Code) defining the
offense.   This was manifestly wholly inadequate to direct the
attention of the jury to the principle enunciated in the re-
fused instructions.

An instruction which the court gave upon the question of
reasonable doubt we think was certainly not an accurate state-
ment of the law, in that it informed the jury that a reasonable
doubt must arise out of the evidence in the case.   It ignored
the manifest fact that a reasonable doubt may very properly
arise out of the lack of evidence upon some issue involved.

5. Evidence was admitted over the objection and exception of defendant, tending to show various embezzlements other than the one selected as the offense for which defendant was being tried. One concerned one hundred Western Pacific Railway bonds, which the district attorney claimed were never brought or sent to California at all. If this theory was correct, they were appropriated two years before the occurrence for which defendant was tried. Two others were hypothecations of bonds in 1905. None of these transactions tended to show motive for the commission of the offense of May 13, 1907, nor did evidence thereof throw any light upon the intent with which the bonds were sold in May 13, 1907. They were simply independent transactions of the same general character as the transaction of May 13, 1907, and had no causal connection therewith. Neither was the evidence of these prior appropriations so interblended with the evidence concerning the sale of May 13, 1907, as to make it necessary to introduce the evidence concerning the prior appropriations in order to make intelligible or clear the evidence concerning the sale of May 13, 1907.

The evidence in question was clearly of a collateral matter, and the objections thereto should have been sustained.

6. Over the objection of defendant evidence was admitted of statements made by defendant that his accounts filed with the court in the matter of the estate of Ellen M. Colton, deceased, contained discrepancies, and that he refused to state what they were. The accounts were not produced, and it does not appear what the discrepancies were, nor that they in any manner related to the bonds which defendant is charged to have embezzled. The matter thus proved simply tended to prejudice the jury against defendant without throwing any light upon the issue being tried. The admission of this evidence was error.

7. Over the objection of defendant the court permitted J. Dalzell Brown to testify to what Robertson did in selling the bonds through Hutton & Co. Brown was not present, and his testimony in relation thereto was purely hearsay, and the objection thereto on this ground should have been sustained. This testimony related to the sale that was the basis of the charge upon which defendant was tried.

As before stated in the first point discussed in this opinion, there is a fatal variance between the proof and the charge set forth in the indictment, and we do not see how this defect can be cured upon a retrial. We therefore do not deem it necessary to discuss all the points raised in the briefs. To do so would extend this opinion to a great length to little benefit.

For the errors above noted the judgment and order must be reversed, and it is so ordered.

Kerrigan, J., and Chipman, P. J., concurred.