The State v. Odum.

## THE STATE v. T. W. B. ODUM.

The Common Law system of pleading in criminal cases continues in force in this State.

Where the indictment charged that the defendant feloniously stole, took and carried away " one bolt of domestic, made of cotton, of the value of ten dollars, of the property of one David Coalson," &c.; *Held*, That the indictment was good, without an averment that the domestic was "goods or chattels," the terms used in the statute.

In an indictment for larceny, it is sufficient to state the county, without stating more particularly the place in which the larceny was committed.

Appeal from Bastrop. The indictment charged the defendant with having stolen one bolt of domestic, made of cotton, of the value of ten dollars, of the property of one David Coalson, &c. On motion the indictment was quashed for uncertainty. The grounds of the motion were

1st. That it was not alleged that the bolt of domestic was goods as required by the statute.

2nd. That it did not allege the specific venue whence said goods were stolen.

3rd. That the allegations were too general, to put the defendant on his defence.

*Attorney General*, for the State.

HEMPHILL, CH. J. Much has been said in the books, relative to the requisite certainty in criminal pleading; and many niceties and distinctions have been indulged in, the effect of which, on the one hand, has been to permit offenders to escape and crime to go unpunished, and on the other, to artfully conceal from the defendants the real nature of the charges against them.

The rules relative to certainty are admirable; but, in their practical operation, they are frequently encumbered with such

a mass of superfluity and fiction, as to defeat their own purposes, and to engender obscurity, instead of producing light and distinctness.

The spirit of reform which has pervaded our civil system of procedure, has not as yet reached our criminal pleading. Its excrescences still deform our jurisprudence; and I will proceed to consider, whether, under this ancient system, such as it is, the judgment under revision can be sustained.

The certainty, required in indictments, is such as will apprise the defendant of the offence with which he is charged, and will enable the Court to see a definite offence on record, that it may render the proper judgment, in case of conviction, and that will also protect the defendant against a further prosecution for the same offence.

Is the charge, in this indictment, wanting in any of the elements of this definition? The offence is stated to be the stealing of a bolt of domestic, the property of another. Is not this plain? Can any one of common understanding doubt that this is a crime prohibited and punishable by law? Does it require any special astuteness to ascertain that a bolt of domestic is goods or a chattel, and consequently the subject of larceny? It is assumed in the motion, that the domestic should be described to be goods. Would this convey any information to the defendant or the Court, of which they were not apprised? Neither the one nor the other can doubt, but that a piece of domestic is goods. There is no possibility of their misapprehending it to be land and not a chattel. To impute such incapacity to a Court, would be highly indecorous; and it could not exist in the defendant, without an imbecility which would render him, legally, incapable of crime.

But it may be said, that, from the authorities, it appears that the property must be stated to be the goods and chattels of the owner, and without these or equivalent words, the indictment is defective. This rule will be found in Chitty, Vol. 3, p. 497, and other compilers, founded on Long's case, reported in Coke Eliz. p. 490.

On examination of this case, it will appear, not that the article stolen must be declared to be goods or chattels, but that it must be stated to be of the goods and chattels of another; or, in other words, that it is his property. The indictment was for stealing a piece of linen of Anthony Nixon, omitting the words, "of his goods and chattels." The Court held this defective, saying that it might be that the piece of linen was not the goods and chattels of Anthony Nixon, at the time of his taking of them, but by him let out or delivered or pledged to another, and it ought to have been shown whose goods and chattels they were, &c. The substantial defect in the indictment, then, was the want of an averment of property in Nixon, and not that the linen was goods or chattels.

What is the proof under an averment that the thing stolen is of the goods or chattels of another? Not, certainly, that the article is a chattel, but that it is the property of the person in whom it is laid. This shows that the averment is tantamount to, and is designed to be, an allegation of property, and not a description of the particular species of estate, and as distinguishing between personal goods and real property.

If the allegation be equivalent to an averment of ownership, it would be surplusage, in this indictment, in which there is an express averment of property in Coalson. This certainly lays the property, with as much certainty, in Coalson, as would the averment that the "domestic" was his goods and chattels, or of his goods and chattels.

And we are of opinion that the indictment is not defective, for the want of an averment that the domestic was goods.

The indictment is further charged with uncertainty, for the want of an averment of a specific venue, whence the goods were stolen. What was intended by this objection, we are not informed. If it be meant that the city, village or house, in which the property was stolen, must be averred, the objection cannot be sustained. The crime was alleged to have been committed in a specific county; and we have been referred to no law or principle, requiring a more minute specification.

We are of opinion that there is error in the judgment; and it is ordered that the same be reversed and cause remanded.

Reversed and remanded.