[No. 3741.]

HAMILTON v. THE PEOPLE.

1. INFORMATION—CONSPIRACY.
It is sufficient in an information charging conspiracy to commit burglary to allege, as to the house to be burglarized, if such be the fact, that its owner is to the district attorney unknown.
2. CONSPIRACY.
One conspiracy may be formed to commit a number of offenses.

*Error to the District Court of Arapahoe County.*

THE information in this case is for conspiracy.   Upon this the defendant was tried, convicted and sentenced to ten years

in the penitentiary.   To reverse this judgment, the case is brought here upon error.

Mr. DAVID G. TAYLOR, for plaintiff in error.

ATTORNEY GENERAL BYRON L. CARR and Mr. G. A. THORNE for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

A conspiracy to commit the crime of burglary is charged. The evidence in the case is not before us, so we must assume it was sufficient to warrant the verdict.   Complaint is made on account of the failure of the indictment to state the name of the owner of the houses to be burglarized, and also, for failure to definitely locate the premises.   It is alleged that the owners of the premises are to the district attorney .unknown, and as nothing to the contrary appears, this allegation must be held sufficient.   The indictment substantially follows the form of the statute, and we think it is sufficient. The offense is charged to have been committed in Arapahoe county, and it is alleged that the wrongful act was to be perpetrated in that county.   To make out the offense, it is unnecessary to show that any steps were taken toward the carrying out of the conspiracy.   We think the objection as to description of premises not well taken.   Moreover, if the defendant desired a bill of particulars, he should have demanded the same, and if refused, might have had his application therefor reviewed by reserving an exception to the ruling of the court, and assigning errors thereon.   This was not done.

It is urged that the information should have been quashed for the reason that it charges more than one offense, as it is said, the charge in this respect is, that the defendants " at the county of Arapahoe aforesaid, feloniously, wilfully and maliciously did conspire, confederate and agree together to feloniously, burglariously, wilfully, maliciously and forcibly

break and enter the dwelling houses, shops and storehouses there situate of divers persons to the said Robert W. Steele unknown."

Undoubtedly one conspiracy may be formed to commit a number of offenses. The unlawful combination is the crime charged, and the fact that should the conspiracy be carried out, it would result in two or more different offenses, does not render the indictment objectionable for duplicity. The sole charge upon which the defendant stands convicted is that of conspiracy. 2 Bishop's Crim. Prac. § 226.

The judgment of the district court must be affirmed.

*Affirmed.*