## No. 9046.

### HIGHLEY v. THE PEOPLE.

1. CRIMINAL LAW—*Reasonable Doubt.* An instruction which tells the jury that "they have no right to disbelieve as jurors, if they believe as men" is fatal error.

2. —— *Information.* An information charged the accused with unlawfully bringing into the state, at a county named, for unlawful purposes, intoxicating liquors. Held sufficient under Rev. Stat. sec. 1950.

The liquors need not be actually delivered to constitute the crime, nor need the information name the person to whom they were to be delivered, nor the purpose or place.

3. JURY—*Functions.* The jury are not judges of the law and fact.

White and Teller, JJ.'s, dissent from the conclusion that the information is sufficient.

Allen concurs in that conclusion but dissents to the reversal.

*Error to Larimer County Court, Hon. Fred W. Stover, Judge.*

Mr. L. D. THOMASON, for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. RALPH E. C. KERWIN, assistant attorney general, for The People.

Chief Justice Hill delivered the opinion of the court:

THE plaintiff in error was convicted of carrying intoxicating liquors into this state for the purpose of delivering same within the state for unlawful purposes. Numerous errors are urged. The instruction given which requires serious consideration is No. 6, pertaining to a reasonable doubt. It does not follow any form heretofore approved by this court. It includes the following: "You have no right to disbelieve as jurors if you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered." This instruction was given on May 26th, 1916. In *Sarkisian v. The People*, 56 Colo. 330, 138 Pac. 26, decided in January, 1914, three members of this court condemned this language, two others not considering it, one member not participating, which left only one, who gave it approval in his dissenting opinion. It is true that quite similar language was reasoned out as harmless upon account of the other language used in *McQueary v. The People*, 48 Colo. 214, 110 Pac. 210, but it was not commended in that case. The same reasoning, with a condemnation of the language used, will be found in *Foster v. The People*, 56 Colo. 452, 13 Pac. 10, decided in January, 1914. The giving of this kind of an instruction was condemned in *VanWyk v. The People*, 45 Colo. 1, 99 Pac. 1009, decided at the September, 1908, term, wherein it was suggested that as this court, in *Minich v. The People*, 8 Colo. 440, 9 Pac. 4, had approved a particular form concerning reasonable doubt, it would recommend its use without further change. It might also be observed that in the VanWyk case the instruction considered included,

"You are not at liberty to disbelieve as jurors if, *from all the evidence*, you believe as men." The words "from all the evidence" are omitted from the instruction under consideration. This omission is one of the complaints here. Regardless of past condemnations of such instructions and recommendations that they be discontinued, the practice apparently has been, by some of the District Attorneys and trial courts, to ignore the recommendations of this court concerning it, evidently because it has been possible, in some cases, to reason out that it was harmless error upon account of other language used.

The question which now presents itself is, shall we ignore our repeated condemnation of this language and our previous suggestions that its use be discontinued, and try again to reason out that the use of it is harmless error even where, as here, the instruction goes farther than any given in the past. In *Robinson v. State,* 18 Wyo. 207, 106 Pac. 24, the judgment was reversed for the giving of this instruction. The same instruction where it contained the language, "from all the evidence" was condemned in *People v. Johnson,* 140 N. Y. 350, 35 N. E. 604; *Siberry v. State,* 133 Ind. 677, 33 N. E. 681, and *Cross v. State,* 132 Ind. 65, 31 N. E. 473. The criticism which we offer to it with the words, "from the evidence," omitted, is that it tells each juror that he is not at liberty to disbelieve as a juror if he believes as a man. A juror might thus construe it as meaning that if, as a man and citizen, from sources outside the record, he believes the defendant guilty, or if that is his belief based on outside knowledge, or otherwise, then it was his duty to convict, even though under oath as a juror from the evidence he would not be thus justified. As said by the Wyoming court, "A lack of evidence to prove such guilt can not be supplied by what a juror knows or believes regardless of his oath. Under our procedure, he is required to base his verdict solely upon the evidence and the law as given him by the court." This rule applies in this jurisdiction. The defendant, in the common parlance of the street, was

charged with what is known as being a bootlegger. In a city the size of Fort Collins, the entire community might believe, as men, that he was guilty of the crime charged. They might base that belief upon sundry matters not disclosed by the record, even though there was no substantial testimony to convict, and when told that they had no right to disbelieve as jurors where they believed as men, is to convey to them the impression that they had a right to convict the defendant, because they believed as men that he was guilty, although as jurors, when compelled to base their finding on the evidence, they would not be justified in arriving at such a conclusion. The cases of *Spies et al. v. The People*, 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. 320; *Davis v. State*, 51 Nebr. 301, 70 N. W. 984, and *Bartley v. State*, 53 Nebr. 310, 73 N. W. 744, are not applicable to this portion of the instruction under consideration for the reason that in each of those instructions the words "if from all the evidence" were inserted. In the Nebraska cases the language reads, "You are not at liberty to disbelieve as jurors if, from all the evidence, you believe as men." In the Spies case the language used reads, "You are not at liberty to disbelieve as jurors if, from the evidence, you believe as men." We might also suggest, as was pointed out by the Wyoming court, that in Illinois the instructions to the jury are advisory only; the jury remain the judges of the law and the facts. See Vol. 11, Encyc. Pl. & Pr. 67-68, and cases there cited. Such is not the case here, for which reason an instruction might be reasoned out there as harmless when we would not be justified in reaching the same conclusion here. The giving of this instruction was prejudicial error. This necessitates a reversal of the judgment.

In view of a new trial, one other alleged error should be considered. It is claimed that the information is defective, and, upon defendant's motion, should have been quashed for the alleged reasons: First, that it fails to state the place within this state to which the liquors were carried.

Second, that it fails to state that the liquors were carried into Larimer County. Third, that it fails to state any particular place or point in Larimer County to which the liquors were carried. Fourth, that it fails to state the particular purpose for which they were carried. Fifth, that it fails to state the particular place where they were delivered. And sixth, that it fails to state the particular purpose for which they were to be delivered. The information states "that at the County of Larimer and State of Colorado." This disposes of objections 1 and 2. It further states that intoxicating liquors, to-wit: beer, was carried into this state for the purpose of delivering the same within the state for unlawful purposes, contrary to the form of the statute, etc. This disposes of objections 4 and 6. It does not state any particular place in Larimer County to which they were carried, or the particular place in that county where it was delivered. For these reasons, it is urged that it fails to inform the defendant of the nature and cause of the accusations against him as required by section 16, article II, of the Constitution. We can not agree with this contention. The information is practically within the language of the statute. Section 1950, Revised Statutes 1908, declares that every indictment of a grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the criminal code. By a later act this section applies to informations. It was intended to mean something more than a recognition of the general rule then in force; otherwise, there was no necessity for its passage; hence, if we are to give any effect to it, we must accept it as meaning what it says and apply it to all informations except where in so doing it fails to give the defendant the nature and cause of the accusation as required by the Constitution. In our opinion, this information gives to the defendant this knowledge.

In *Langan v. The People,* 32 Colo. 414, 76 Pac. 1048, the court had under consideration an act prohibiting the sale of intoxicating liquors within five miles of any camp of

twenty-five or more men engaged in the construction or repair of any railroad, canal, reservoir, or public work. The information charged the offense in the language of the statute (stating in general terms that the liquor was sold on or about March 17th, 1903), in the County of Gilpin and State of Colorado. The place of sale is not otherwise stated, nor is the name of the person to whom the liquor is alleged to have been sold. It was held that as the gravaman of the offense charged was a sale made to a person belonging to a protected or prohibited class, that the name of the purchaser is not material. It was also held, that the failure to state the name of the grading camp was not a fatal error, which required the reversal of the cause; that the scheme of the statute was to prohibit generally the sale of intoxicating liquors within five miles of a grading camp; that while it included certain exemptions in its prohibition, it was not necessary to allege that the defendant was not of the exempted class. This reasoning applies to the statute under consideration; one of its objects is to prohibit any one from carrying intoxicating liquors into this state for the purpose of delivering the same to any person, company or corporation within this state, except for lawful purposes. In such circumstances, we see no reason why the information should go beyond the language of the act. The gravaman of the offense charged is the carrying of the intoxicating liquors, to-wit: beer, into the state for the purpose of delivering same within this state for unlawful purposes. The liquors need not be delivered in order to constitute the crime, but must be brought into the state for that purpose; hence, under the ruling in the former case, the person to whom they were to be delivered is immaterial; likewise, the exact place of carriage into the state is immaterial. It is alleged to have been in Larimer County; that is sufficient.

The case of *Fehringer v. The People,* 59 Colo. 3, 147 Pac. 361, presents a different state of facts. The defendant was a druggist. The act under consideration provided a scheme whereby any city, town, ward, district or precinct in the

state might become anti-saloon territory. Section 10 made it unlawful to sell liquors in such territory, except as provided in the act. Section 14 permits licensed pharmacists to sell such liquors for medicinal purposes upon written prescription of a physician, and Section 15 makes the defendant liable if any unlawful sale was made, by himself or otherwise, either as principal, clerk or servant, directly or indirectly, contrary to the provisions of the act, etc. It provides a greater punishment for the second offense. In such circumstances, it was held that the general and incomprehensive language of the charge gave the defendant but little knowledge of the particular case against him, which the prosecution expected to establish by proof, and that in preparing his defense, based upon such charge alone, he had nothing but conjecture to guide him. It was further pointed out that as the statute expressly authorizes the sale of intoxicating liquors within anti-saloon territory by licensed druggists on prescription, that this furnished an additional reason why it was essential to practically identify the alleged crime; that, as the defendant was a licensed pharmacist, and, by the production of a prescription from a physician upon which the sale was made, he could secure immunity against any groundless prosecution, but how could he know what prescription to produce unless furnished the name of the purchaser.

In *Sturgess v. State*, 3 Okla. Crim. 375, 102 Pac. 57, the opinion states that the defendant was convicted under an information charging him with transporting and conveying intoxicating liquors from one place in the state to another place in the state, but not designating such places. In such a case, it might properly come under the ruling announced in *Fehringer v. The People*, supra, as well as the mandate in our Constitution that the defendant be informed of the nature and cause of the accusation. Such is not the case here, but, to the contrary, the language used notified the defendant that he is charged with bringing liquors from without the state to within the state and within the County

of Larimer, etc., at a certain time, for unlawful purposes. This was sufficient to advise him of the exact crime charged. The reasoning in *People v. Williams*, 61 Colo. 11, 155 Pac. 323, also tends to sustain this conclusion.

For the reasons stated, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

Decision *en banc.*

Mr. Justice White and Mr. Justice Teller concur on the reversal for the reasons given, but dissent from the conclusion that the information is sufficient.

Mr. Justice Allen dissents to the reversal of the judgment for the reasons given, but concurs in the conclusion that the information is sufficient.