No. 24,328.

THE STATE OF KANSAS, *Appellee*, v. CARL BAUMGARDNER, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Violation of Cigarette Law—Sufficient Information.* In charging the offense of having the possession of· cigarettes or cigarette papers for sale or distribution, it is sufficient to allege that the offense was committed in the county and state. As the place in which they were kept is not an essential ingredient of the offense, it is unnecessary to allege the particular place in the county in which they were held by the accused.

2. SAME—*Evidence.* The evidence in the case is held to be sufficient to support the conviction.

Appeal from Meade district court; LITTLETON M. DAY, judge. Opinion filed February 10, 1923. Affirmed.

*H. Llewelyn Jones,* of Meade, for the appellant.

*Richard J. Hopkins,* attorney-general, and *C. C. Wilson,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant was prosecuted for the violation of the cigarette law. There were three counts in the information—the first, for selling; the second, for having in possession for sale and distribution; and the third, for selling cigarette papers. He was found guilty on the second count, of having cigarettes and cigarette papers in his possession for sale and distribution. Motions for a new trial and in arrest of judgment were made and overruled. Defendant appeals.

The principal complaint is that the count of the information on which he was convicted was insufficient in that it omitted to describe the place of the offense, which it is claimed is an indispensable element of the offense. The pertinent part of the statute under which the charge was made provides:

"It shall be unlawful for any person, company or corporation to barter, sell or give away any cigarettes or cigarette papers, or any disguise or subterfuge of either of these, or to have any cigarettes or cigarette papers in or about any store or other place for barter, sale or free distribution. . . . The possession of such cigarette materials shall be considered *prima facie* evidence of a direct violation of this act. (Laws 1917, ch. 166, § 1.) ·

The charging part of the second count was, "that Carl Bau gardner did on said day and date then and there unlawfully

wilfully have in his possession, for sale and distribution, cigarettes and cigarette papers." Is the omission of an averment describing a particular place in which the inhibited articles were held or kept by the accused, for sale and distribution, important or fatal? The essential element of the acts condemned is the selling of cigarettes or having them in possession for sale and distribution. The keeping of a place is not an essential ingredient against which the prohibition was directed. If the keeping of a place where the prescribed articles were sold, or kept for sale or distribution, had been declared to be an offense, there would be ground for the contention made by defendant, but it is the sale or having them in possession for sale or distribution that is denounced. Such articles were formerly kept for sale in what are generally called stores, and the legislature, to make the offense all-inclusive, declared that the having of them in possession not only in stores but in or about any store or other place was an offense. The having of them in possession for sale or distribution is the offense. The keeping of them in or outside of a store or any other place, whether in his residence, garage, or even if he went up and down the streets and peddled them from his pockets, would be a violation of the statute. From the nature of the offense and the language employed, it is manifest that the legislature did not regard the place as the essence of the offense. If the keeping of a place had been made an essential element it might be said that the term "or other place" following the word "store" meant a place of a similar kind, but an abatement of the place was not sought nor was it an essential ingredient of the offense of which defendant was convicted.

In *The State v. Oswald,* 59 Kan. 508, 53 Pac. 525, an information charging the setting up and keeping of a gambling device was attacked because the place in which it was set up and kept was not alleged, and it was held that the keeping of a place was not an ingredient of the offense and therefore it was sufficient to charge that the offense had been committed in the county and state. Where a nuisance is charged, and an abatement follows conviction, a description of the place is necessary to charge that offense, but even in such cases it has been held that it was enough to charge and show that beer was kept in a barrel in an alley, for sale. (*The State v. Dykes,* 83 Kan. 250, 111 Pac. 179.)

In another case it was held that a nuisance might be maintained open ground and a description of the place as two lots of a cer-

tain block was sufficient. (*The State v. Walters,* 57 Kan. 702, 47 Pac. 839.)

In a later case it was held that an allegation that the nuisance was maintained on the streets and alleys of a city was sufficient. It was said that the offender could not escape the consequences of his act by taking a push cart loaded with intoxicating liquors and moving it about from one place to another while making sales, nor could he by making use of a house-boat which he moved up and down a river, in the city. It was decided that where the offense is ambulatory in character it may be described as broadly as the scope of the operations of the offender in committing it. (*The State v. Rabinowitz,* 85 Kan. 841, 118 Pac. 1040.) Here, however, the place not being one of the essentials of the offense the information was not bad because it did not describe the place or places in which the accused had the cigarettes and cigarette papers in his possession for sale and distribution. It was enough to allege that he had the inhibited articles in his possession in the county and state.

No error was committed in overruling the motion in arrest of judgment, and there being sufficient evidence to sustain the conviction the motion for a new trial was properly overruled.

Judgment affirmed.