**David Bryant HODGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50480.**

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Hallie W. Gill, Houston, Court-appointed, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and George O. Jacobs, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary of a habitation, a violation of V.T.C.A. Penal Code, Sec. 30.02. After accepting the appellant's plea of guilty, hearing the evidence and argument of counsel, the court assessed the appel-

---

5. See *Reese v. State*, Tex.Cr.App., 481 S.W.2d 841, for a discussion of the harm which results from delay in criminal appeals.

lant's punishment at imprisonment for seven years.

The appellant asserts that the indictment is fundamentally defective since it does not state with sufficient particularity where the offense occurred in Harris County.

The pertinent part of the indictment reads as follows:

". . . that in the County of Harris and State of Texas one DAVID BRYANT HODGE, . . . heretofore on or about March 25, 1974, did then and there unlawfully with intent to commit theft, enter a habitation not then open to the public, owned by Curtis Windham, hereafter styled the Complainant, without the effective consent of the Complainant." [1]

The appellant complains that the indictment does not meet due process and statutory requirements because it does not describe where the offense occurred with sufficient particularity as (1) would enable him to plead the judgment in bar of a subsequent prosecution for the same offense (Art. 21.04, V.A.C.C.P.),[2] (2) would give him notice of the particular offense with which he was charged (Art. 21.11, V.A.C.C.P.),[3] and (3) to identify where the habitation of the complainant was located in Harris County (Art. 21.09, V.A.C.C.P.).[4]

The seldom challenged and almost universal practice in preparing indictments is to describe the place where the criminal offense was committed by merely alleging that it was committed in a certain county. In *Ledbetter v. United States*, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162 (1898), the prosecution was for unlawfully carrying on a business as a retail liquor dealer without paying a required tax. The place where the indictment alleged the offense was committed was ". . . in the county of Appanoose, in the Southern district of Iowa, and within the jurisdiction of this court, . ." Although it did not recommend the indictment as a model, the Supreme Court held the indictment described sufficiently the place where the offense was committed.

In 1853, when the Supreme Court of this state had jurisdiction of criminal appeals and the state was permitted to appeal, the Supreme Court held that a trial court had erred in quashing an indictment alleging the commission of a theft, and after some rather vitriolic comments, Chief Justice Hemphill writing for the Court said:

"The indictment is further charged with uncertainty, for the want of an averment of a specific venue, whence, the goods were stolen. What was intended by this objection, we are not informed. If it be meant that the city, village or house, in which the property was stolen, must be averred, the objection cannot be sustained. The crime was alleged to have been committed in a specific county; and we have been referred to no law or prin-

1. It was held in *Garza v. State*, 522 S.W.2d 693 (Tex.Cr.App.1975), that in a prosecution for burglary of a habitation, a violation of V.T.C.A. Penal Code, Sec. 30.02, the indictment need not allege "that the habitation was 'not then open to the public.'"

2. Article 21.04, V.A.C.C.P., provides:
"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

3. Article 21.11, V.A.C.C.P., provides:
"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary."

4. Article 21.09, V.A.C.C.P., provides:
"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be sufficient description of the same."

ciple, requiring a more minute specification." *State v. Odum,* 11 Tex. 12.

In *Corley v. State,* 3 Tex.App. 412 (1878), Judge White writing for the Court of Appeals said:

"The indictment charged that appellant, 'in the county of Houston aforesaid, did willfully disturb a congregation assembled for religious worship,' etc. This was equivalent to charging that the congregation disturbed were assembled in the county of Houston. The pleader, had he so desired, might have specified the locality in which the church was situated, and the name of the church or other place in which the congregation was assembled, but such particularity in fixing the *locus in quo* is not prerequisite to the validity of the indictment. The indictment shows and charges the offense to have been committed within the jurisdiction of the court in which the indictment was presented, and in other respects follows the language of the statute."

In *Birdsong v. State,* 387 S.W.2d 404 (Tex. Cr.App.1965), in a driving while intoxicated prosecution, where the offense was alleged to have occurred on a public road or highway within El Paso County, there was a claim that the indictment was not sufficient when it "does not allege any certain place in the very large county of El Paso where the alleged offense was committed." This contention was rejected. See also *Rasor v. State,* 57 Tex.Cr.R. 10, 121 S.W. 512 (1909); *Odell v. State,* 95 Tex.Cr.R. 360, 254 S.W. 977 (1923); and *Allen v. State,* 149 Tex. Cr.R. 612, 197 S.W.2d 1013 (1946).

Many cases in numerous jurisdictions have held that it is not necessary to allege the place where the offense was committed with greater particularity than to allege it was committed in a certain county. The courts have considered, discussed and held that where the pleading alleges that the place where an offense was committed was within a named county it is a sufficient allegation of the place where the offense was committed to give a defendant notice of the offense with which he is charged and to enable him to plead a judgment in bar to subsequent prosecutions. See e. g., *State v. Womack,* 6 Ariz.App. 267, 431 P.2d 908 (1967); *Sharp v. Territory,* 13 Ariz. 416, 114 P. 974 (1911); *People v. Mazzola,* 80 Cal. App. 583, 251 P. 222 (1927); *Highley v. People,* 65 Colo. 497, 177 P. 975 (1919); *Hamilton v. People,* 24 Colo. 301, 51 P. 425 (1897); *State v. Nixon,* 295 So.2d 121 (Fla. App.1974); *Sellars v. State,* 113 Ga.App. 510, 149 S.E.2d 158 (1966); *State v. McKeehan,* 91 Idaho 808, 430 P.2d 886 (1967); *People v. Bernatowicz,* 35 Ill.2d 192, 220 N.E.2d 745 (1966); *State v. Carrier,* 235 Ind. 456, 134 N.E.2d 688 (1956); *Meno v. State,* 197 Ind. 16, 164 N.E. 93 (1925); *State v. Japone,* 202 Iowa, 209 N.W. 468 (1926); *State v. Baumgardner,* 112 Kan. 803, 212 P. 677 (1923); *State v. Oswald,* 59 Kan. 508, 53 P. 525 (1898); *State v. Lewis,* 159 La. 109, 105 So. 243 (1925); *Morgan v. State,* 287 A.2d 592 (Me.1972); *Cookson v. State,* 237 A.2d 589 (Me.1968); *Tucker v. State,* 481 S.W.2d 10 (Mo.1972); *State v. Fowler,* 59 Mont. 346, 196 P. 992 (1921); *State v. McDowney,* 49 N.J. 471, 231 A.2d 359 (1967); *State v. Campos,* 79 N.M. 611, 447 P.2d 20 (1968); *People v. Player,* 80 Misc.2d 177, 362 N.Y.S.2d 773 (1974); *State v. Rogers,* 273 N.C. 208, 159 S.E.2d 525 (1968); *Carlile v. State,* 493 P.2d 449 (Okl.Cr.App. 1972); *Phillips v. State,* 34 Okl.Cr. 52, 244 P. 451 (1926); *State v. Knighten,* 12 Or.App. 41, 504 P.2d 761 (1972); *State v. Cambron,* 20 S.D. 282, 105 N.W. 241 (1905); *State v. Hoven,* 47 S.D. 50, 195 N.W. 838 (1923); *State v. Kelly,* 138 Tenn. 84, 195 S.W. 1126 (1917); *State v. Burgess,* 111 Wash. 537, 191 P. 635 (1920); *State v. Johnson,* 82 Wash. 347, 144 P. 57 (1914).

The appellant cites and relies upon *Haworth v. State,* 74 Tex.Cr.R. 488, 168 S.W. 859 (1914); *Partson v. United States,* 20 F.2d 127 (8th Cir. 1927); and *Skelley v. United States,* 37 F.2d 503 (10th Cir. 1930). In *Haworth v. State,* supra, the prosecution was for trespassing and taking earth and sand from certain property for which the title and ownership was in dispute. The

court reversed the judgment and said that it was a proper case to be decided in the civil courts. The two federal cases cited by the appellant that hold it is necessary to allege where within a county the offense was committed are in a conspicuous minority of the cases in which the question has been raised, and there was a dissenting opinion in each of these two federal cases.

 It must be remembered that the general rule that only the county need be alleged as the place where the offense was committed has some exceptions, because some offenses can only be committed in certain places within the county and the place where committed is an element of the offense. Although no greater particularity as to the place where the offense was committed is required, an indictment for driving while intoxicated must allege that the offense was committed on a public highway or road, or upon a street or alley within the limits of an incorporated city, town, or village within the county, because under the applicable statute that offense may only be committed on a public highway or road, or upon a street or alley. See *Bedwell v. State,* 142 Tex.Cr.R. 599, 155 S.W.2d 930 (1941); *Allen v. State,* 149 Tex.Cr.R. 612, 197 S.W.2d 1013 (1946); *Blackburn v. State,* 150 Tex.Cr.R. 572, 204 S.W.2d 619 (1947); *Hartsook v. State,* 156 Tex.Cr.R. 560, 244 S.W.2d 830 (1951). Although no greater particularity is required as to the place where the offense was committed, an indictment for carrying a handgun on premises licensed or having a permit to sell or serve alcoholic beverages must allege that the offense was committed on premises within the county for which a license or permit to sell or serve alcoholic beverages had been issued, because proof that the license or permit to sell or serve alcoholic beverages had been issued for the premises is an element of the offense. See *Nevarez v. State,* 503 S.W.2d 767 (Tex.Cr.App.1974), and *Shane v. State,* 513 S.W.2d 579 (Tex.Cr. App.1974). Also, if a court has less than countywide jurisdiction, it is necessary to allege a place within the jurisdiction of that court.

 We hold, consistent with long-time practice supported by overwhelming authority, that it is only necessary to allege the name of the county as the place where an offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where committed is not an element of the offense, and (3) the court in which the offense is tried has countywide jurisdiction.

The judgment is affirmed.

Opinion approved by the Court.