**Eddie B. LAMM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–140–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 24, 1983.

Rehearing Denied April 7, 1983.

J.P. Darrouzet, Atty. at Law, Austin, for appellant.

Reynaldo Cantu, Jr., Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant was found guilty of speeding by a trial court sitting without a jury. A fine of $101.00 was assessed as punishment. We affirm.

In his first ground of error appellant claims that the trial court erred by overruling his Motion to Quash Complaint because the complaint did not reveal "the place where the event occurred." Appellant contends that because of this defect he lacks adequate notice of the charge against him, and was consequently unable to prepare a proper defense.

Specifically, appellant contends that, since "Article 6701d, sections 166–169B provide for nine different ways in which the prima facie limit at any location in the State of Texas can become 55 mph", he has "no idea of which manner or means the State is going to rely on to prove the maximum prima facie limit that it must allege and prove" under the above statutes. Appellant further claims that the complaint is inadequate because, even if found not guilty, a new complaint could be filed and he could be retried for the same offense.

The complaint under which this action was brought alleges that appellant:

"did ... unlawfully ... operate a motor vehicle on Texas Highway 48 [about] 4 miles NE [sic] of Brownsville, ... a public street or Highway within [Cameron] County [Texas], at a rate of speed then and there greater than was reasonable and prudent under the conditions then existing, to wit, at a rate of speed of ... 70 miles per hour, the maximum ... speed limit ... being 55 miles per hour."

Appellant did not deny that the speeding citation was issued to him, presented no evidence at trial, and stipulated that if R.P. Garza testified as a witness in this case, he would state that it was he who issued the ticket to appellant, and that the matters

contained in the complaint were accurately stated.

In the case of *Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975) the defendant was charged with burglary of a habitation. He claimed, however, that his indictment failed due process and statutory requirements because it did not describe where in Harris County the offense had occurred, and that he was thus (1) unable to plead the judgment in bar of a subsequent prosecution for the same offense, and (2) without notice of the particular offense with which he was charged. The Court of Criminal Appeals held that under the facts of *Hodge* it was necessary only to allege in which county the offense was committed, and cited numerous cases from other jurisdictions holding that if an allegation stated that the offense was committed in a certain county, it would be sufficient both to give a defendant notice of the offense with which he was charged and to enable him to plead a judgment in bar to subsequent prosecutions.

■ However, while the general rule requires that only the county need be alleged as the place where an offense was committed, some offenses can only be committed in certain places within the county. In such cases, the place where the offense was committed may then become an element of that offense. For instance, an indictment for driving while intoxicated must allege that the offense was committed on a public highway or road, or upon a street or alley within the limits of an incorporated city, town, or village within the county, because, under the applicable statute, that offense may only be committed on a public highway or road, or upon a street or alley. *Hodge v. State,* supra.

■ But if the offense is one which may only be committed in a certain type or class of places designated by statute within a county, it is sufficient to allege that the offense was committed in the required type or class of place without alleging the specific place within the type or class. *Nevarez v. State,* 503 S.W.2d 767 (Tex.Cr.App.1974).

■ The State's pleading comes well within the acceptable limits of giving appellant notice of the location where the offense allegedly occurred. We hold that appellant received all the notice to which he was entitled, and that the complaint was specific enough to bar another action for the same offense. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred by denying his motion to quash the speeding complaint against him because it failed to allege a culpable mental state. However, the Court of Criminal Appeals expressly rejected that contention in the case of *Zulauf v. State,* 591 S.W.2d 869 (Tex.Cr.App. 1980). The Court stated:

> The clear command of Article 6701d, § 166 ... provides more than adequate support for our holding herein that the Legislature intended to make speeding a strict liability offense where liability *would not* be contingent upon the allegation of a culpable mental state."

Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that sections 167–169B of Article 6701d, violate Article 1, section 28 of the Texas Constitution, which states that:

> No power of suspending laws in this State shall be exercised except by the Legislature.

Appellant argues that the named sections of Article 6701d suspend traffic laws because they are impermissible delegations of authority " ... to the Highway Commission, the Counties, the Municipalities, Turnpike Authorities, and ... the Governor." However, section 168 addresses the authority of the Texas Turnpike Association; section 169 addresses the "Authority of County Commissioner's Court and governing bodies of incorporated cities, towns, and villages"; and section 169A addresses the special speed limitations for (1) motor cycles, (2) vehicles with solid rubber or cushion tires, and (3) driving over bridges or other elevated structures constituting a part of a highway or turnpike. Appellant has not shown

that these provisions have any relation to this case; therefore we will consider only his challenges to section 167 and section 169B.

 Section 169B of Article 6701d has already been unsuccessfully challenged on the same point appellant brings to this court. In *Masquelette v. State,* 579 S.W.2d 478 (Tex.Cr.App.1979), the Court of Criminal Appeals ruled that section 169B was not an unconstitutional delegation of the Legislature's authority since it contained standards limiting the discretion of the State Highway and Public Transportation Commission; these standards were considered necessary to effect the Legislature's purpose, and were capable of reasonable application.

Limitations on the authority of the Commission are also expressed in Art. 6701d, section 167. For example, a "prima facie maximum speed limit" may be altered only upon an engineering and traffic investigation; also, when conducting the investigation, the Commission must follow its "Procedure For Establishing Speed Zones". The Commission's discretion is further limited by provisions that it may not set a speed limit "... greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing"; that it may not establish a speed limit higher than seventy miles per hour; and that it may not increase speed limits set by the Legislature for vehicles towing house trailers, for heavy trucks, and for school buses.

These standards limit discretion of the Commission, are necessary to effect the Legislature's purpose, and are capable of reasonable application. *Langford v. State,* 532 S.W.2d 91 (Tex.Cr.App.1976); *Ex Parte Smith,* 441 S.W.2d 544 (Tex.Cr.App.1969). We hold that the challenged provisions of Article 6701d are not unconstitutional delegations of the Legislature's authority.

All three of appellant's grounds of error are overruled, and the judgment of the trial court is AFFIRMED.