**Thomas Ray DEAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–82–067–CR.**

Court of Appeals of Texas, Texarkana.

Feb. 14, 1984.

Rehearing Denied March 27, 1984.

Jim Vollers, Austin, for appellant.

Jim Chapman, Dist. Atty., Sulphur Springs, for appellee.

CORNELIUS, Chief Justice.

Thomas Deas appeals his conviction for the offense of criminal mischief for which he was assessed punishment of three years confinement. The indictment alleged that Deas knowingly and intentionally damaged and destroyed a garage door owned by John Stewart. The State's evidence showed that Deas backed his pickup truck into the garage door.

Deas does not contend here that the evidence fails to support a finding that he intentionally rammed the door. Rather, in grounds of error one through ten, he contends the judgment should be reversed because there was no evidence or insufficient evidence that the door was destroyed, and the State attempted to prove only the door's replacement cost rather than the cost of repair as required when property is damaged but not destroyed.[1] He also contends in these grounds that the State failed to establish the replacement cost, and was improperly allowed to prove the door's market value by the testimony of the owners. These grounds will be overruled. Although no witness testified directly that the door was destroyed, photographs of the door showing its damage were admitted into evidence and witnesses testified that the door had several panels knocked out, glass was broken, the frame was bent, and the door was replaced at a cost of $590.00. Another witness said the door probably would not operate correctly because it would not remain on its track. We believe all of this evidence was sufficient to allow the jury to conclude that the door was destroyed instead of merely damaged. That being true, evidence of its fair market value and replacement cost was properly admitted, and the proof supported a finding

---

**1.** See Tex.Penal Code Ann. § 28.03 (Vernon Supp.1982–1983).

that the damage was more than $200.00 but less than $10,000.00 as required by the statute defining the offense. It was not error to allow the owners to give their opinion of the fair market value of their own property and what they paid to replace it. *Hillin v. Hagler*, 286 S.W.2d 661 (Tex. 1956); *State v. Berger*, 430 S.W.2d 557 (Tex.Cr.App.1968); *Standard National Insurance Company v. Bayless*, 338 S.W.2d 313 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.); 2 C. McCormick & R. Ray, Texas Law of Evidence Civil and Criminal § 1422 (Texas Practice 3d ed. 1980) and cases there cited.

■ In grounds of error eleven and twelve, Deas asserts that reversible error was committed when the prosecutor made comments concerning the importance of the case and the fact that Deas had pleaded not guilty and demanded a jury trial. We find these comments to have been invited and under the circumstances here not so prejudicial as to require reversal.

■ In grounds of error thirteen, fourteen and fifteen, Deas complains that his motion to quash the indictment should have been granted because the location of the property was not alleged with the required specificity, and the means used to damage the door and the amount of damage were not alleged. The door was attached to the Stewart home and was conceded to be real property.

Tex.Code Crim.Proc.Ann. art. 21.09 (Vernon Supp.1982–1983) provides that when real estate is described in an indictment its general locality and the name of the owner shall be a sufficient description. As to location, however, the statute has been construed to require only the name of the county if the offense is one which may be committed any place in the county, the location is not an element of the offense, and the court in which the case is tried has county wide jurisdiction. *Hodge v. State*, 527 S.W.2d 289 (Tex.Cr.App.1975). The description was sufficient.

■ In a case of this kind, it is not necessary for the indictment to allege the particular mode or means of inflicting the damage. *Steambarge v. State*, 440 S.W.2d 68 (Tex.Cr.App.1969). The allegation that the door's damage was more than $200.00 and less than $10,000.00 was sufficient under the statute.

■ Lastly, Deas urges that the court erred in defining to the jury the terms "knowingly" and "intentionally." He contends the definitions allowed the jury to find him guilty if they believed he intentionally drove the truck but did not intend to damage the door. We disagree. The definitions are those contained in the statutes, and the court's charge plainly required the jury to find that Deas intentionally or knowingly caused the damage to the door or acquit him of the offense.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

In a motion for rehearing Deas urges that we have erred in several respects in our original disposition of this cause, but we remain convinced that our disposition is correct. The case of *Lane v. State*, 621 S.W.2d 172 (Tex.Cr.App.1981), which Deas urges overruled *Hodge v. State*, 527 S.W.2d 289 (Tex.Cr.App.1975), was overruled by the Court of Criminal Appeals in *Santana v. State*, 658 S.W.2d 612 (Tex.Cr.App.1983), which reaffirmed the rule in *Hodge*.

Deas has raised an additional ground of error in his motion for rehearing which was not raised in his brief or upon original submission. The ground is not properly before us.

The motion for rehearing is overruled.