PEOPLE, Respondent, v. LEON EVEART, Appellant.

No. 592; June 5, 1865.

**An Indictment Against One for Destroying a Dam Sufficiently Locates** the dam as within the county where the indictment is found when it charges that the act charged was committed within that county.

**An Indictment States the Offense Sufficiently When It Follows** the language of the statute describing the act which it makes a criminal one.

APPEAL from El Dorado County.

District Attorney for respondent; Blanchard & Edgerton for appellant.

RHODES, J.—The indictment, which was found in El Dorado county, charges that the defendant, on a day named, "at the county of El Dorado and state of California, with force and arms, did willfully, feloniously and maliciously cut, break, pull down, injure and destroy a certain dam erected for the purpose of conducting water into a certain ditch to be used for mining purposes, said dam and ditch being the property of Samuel Snow." The defendant demurred to the indictment on the grounds: "1st. The indictment does not show that the grand jury had any legal authority to inquire into the offense charged, by reason of its not being within the local jurisdiction of the county; 2d. That it does not substantially conform to the requirements of sections 237, 238 and 239; 3d. That it does not state facts sufficient to constitute a public offense." The demurrer was sustained, and judgment was rendered discharging the defendant.

The first ground is not well taken, for it is charged that the act for which the defendant was indicted was committed at the county of El Dorado, and it would have been impossible for him to have destroyed the dam at that county unless it was situated at the same county.

The indictment conforms substantially to the provisions of sections 237, 238 and 239 of the Criminal Practice Act. It contains the title of the action, the name of the court, the name of the defendant and a statement of the acts constituting the offense as prescribed by section 237; and it will stand the test afforded by sections 238 and 239.

The indictment is drawn under the act of 1863 (Stats. 1863, p. 58), amendatory of section 140 of the act of 1850, concerning crimes and punishments, and the section provides that "Every person who shall willfully and maliciously cut, break, injure or destroy" any dam or certain other structure erected for the purpose, among others, of conducting water for mining purposes, shall on conviction thereof be fined, etc.; and in stating the offense it follows the language of the statute. An indictment describing in that form the offense has repeatedly been held to be sufficient: People v. Garcia, 25 Cal. 533, and cases there cited.

As the defendant's counsel has not filed a brief in the cause we are unable to ascertain upon what particular points, included within the terms of the demurrer, he relies, and as we

do not observe any substantial defect in the indictment, we hold it to be sufficient in law.

Judgment reversed and the cause remanded, with directions to the court below to overrule the demurrer.

We concur: Sanderson, C. J.; Currey, J.; Sawyer, J.