[Crim. No. 534.   First Appellate District.—April 30, 1915.]

THE PEOPLE, Respondent, v. W. A. FINLEY, Appellant.

CRIMINAL LAW—FAILURE TO STOP AND RENDER ASSISTANCE UPON MOTOR VEHICLE COLLISION—EFFECT OF MOTOR VEHICLE ACT UPON CODE SECTION.—The Motor Vehicle Act of 1913 (Stats. 1913, p. 649) which went into effect some five months subsequent to the time when section 367c of the Penal Code became law, did not have the effect of repealing the provisions of such code section which denounce as a felony the willful failure of the driver of a motor vehicle colliding with another vehicle to stop and render assistance to a person who may have been injured by the collision, and, if required, to carry such person to a physician or surgeon for medical or surgical treatment; but only those provisions of such section were repealed which denounce as a felony the failure of the driver under such circumstances to stop and give his name and address and the number of his motor vehicle, the latter failure by the provisions of said act being reduced to the grade of a misdemeanor.

ID.—INFORMATION—CHARGE OF BOTH OFFENSES—ABSENCE OF DEMURRER —APPEAL.—Where the information charges the defendant with the commission of both offenses, and no demurrer is interposed thereto, he will not be heard to complain on appeal that the information charged both a misdemeanor and a felony.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

P. M. Walsh, and H. A. Gabriel, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant in this case was charged in an information filed in the superior court of Alameda County with the commission of the felony defined by section 367c of the Penal Code. The charging part of the information, in substantial accord with the language of the code section referred to, alleged that an automobile, which was being driven by the defendant, collided with a motorcycle which was being ridden and driven by one Sumner Blacow, and that, although the defendant knew that his automobile had struck said Sumner Blacow and collided with a motorcycle upon which he was riding, the defendant "did then and there unlawfully, willfully and feloniously fail and refuse to stop or cause to be stopped, either immediately or at all, said automobile, or to forthwith or at all render all necessary or any assistance to said Sumner Blacow . . . and carry said Sumner Blacow to a physician or surgeon for medical or surgical treatment, and said W. A. Finley then and there refused to give or cause to be given to the said Sumner Blacow, the person struck by said automobile, . . . the number of said automobile, with the name and address of the driver . . . or the name of the driver of said automobile. . . ."

The evidence adduced at the trial, briefly stated, was to the effect that an automobile, driven by the defendant along a public highway in Alameda County, between the hours of 6 and 7 o'clock in the evening of the day charged in the information, collided with a motorcycle ridden by one Sumner Blacow. The latter, as the result of injuries sustained in the collision, was rendered unconscious, and died within a short time thereafter. Upon the happening of the collision the defendant did not stop his automobile, but proceeded toward the city of San Jose, where he resided, without attempting to render assistance of any kind to Blacow. Just before reaching San Jose the defendant's automobile came to a stop as the result of a breakdown, and while endeavoring to repair the machine the defendant was placed under arrest.

The defendant, as a witness in his own behalf, testified that on account of the peculiar light and climatic condition which

he claimed existed on the evening in question, he did not see the approach of the motorcycle, and in fact did not know that he had collided with it.

The defendant was found guilty as charged, and sentenced to imprisonment for one year in the county jail of the county of Alameda. The appeal is from the judgment and from the order denying a new trial. No demurrer was interposed to the information.

No fault is found with the rulings and the charge of the trial court, and the sufficiency of the evidence to support the verdict and judgment is conceded if it can be held that the trial court had jurisdiction of the subject-matter of the offense charged. That the trial court was without such jurisdiction is the only point made in support of the appeal.

It is the contention of the defendant that he should not have been charged with and tried for any greater offense than that of the misdemeanor defined and denounced by the provisions of section 21 of the Motor Vehicle Act. (Stats. 1913, p. 649.)

The Motor Vehicle Act went into effect some five months subsequent to the time when section 367c of the Penal Code, under which the information was drawn, became law. The code section in question reads as follows: ''Whenever an automobile, motorcycle, or other motor vehicle, or any vehicle whatsoever, regardless of the power by which the same may be propelled or drawn, strikes any person, or collides with any vehicle containing a person, the driver of, and all persons in, such automobile, motorcycle, or other motor vehicle, or other vehicle, who have or assume authority over such driver, shall immediately cause such automobile, motorcycle, or other motor vehicle, or other vehicle, to stop, and shall render to the person struck, or to the occupants of the vehicle collided with, all necessary assistance, including the carrying of such person or occupant to a physician or surgeon for medical or surgical treatment if such treatment be required, or if such carrying is requested by the person struck or the occupant of the vehicle struck; and such driver, and person having or assuming authority over such driver, shall further give to the occupants of such vehicle or person struck, the number of such automobile, motorcycle, or other motor vehicle, or other vehicle, if the same have a number, together with the name and address of the driver of such automobile,

motorcycle, or other motor vehicle, or other vehicle, also the name of the owner thereof and the name of the passenger or passengers not exceeding five in such automobile, motorcycle, or other motor vehicle, or other vehicle, at the time of such striking or collision. Any person violating any of the provisions of this section is punishable by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding $5,000, or by both such fine and imprisonment.''

The provisions of the Motor Vehicle Act, in so far as they pertain to the point presented upon this appeal, are as follows: ''Section 21. In case of accident or injury to person or property on the public highway due to the operation thereon of any vehicle, the person operating, driving or otherwise in control of the same shall stop, and upon request of the person injured or whose property has suffered injury, or any other person present, shall give such person his name and address and the registration number of his vehicle, if it be a motor vehicle; and if such person operating, driving or otherwise in control of such vehicle is not the owner thereof, his license number, if he is an operator or chauffeur, and the name and address of the owner of such vehicle.''

Violation of this section of the Motor Vehicle Act is made a misdemeanor punishable by fine and imprisonment not to exceed two hundred and fifty dollars and thirty days. (Stats. 1913, p. 652.)

It will thus be seen that the provisions of section 367c of the Penal Code, and section 21 of the Motor Vehicle Act, are practically identical in so far as they denounce the failure of the driver of an automobile to stop in the event of a collision or in the case of accident or injury to person or property, and to give to the injured person or occupant of the vehicle struck his name and address and the number of his automobile. Section 40 of the Motor Vehicle Act in express terms repeals all other acts and parts of acts inconsistent therewith, and admittedly the provisions of section 367c of the Penal Code denouncing as a felony the failure of a person driving an automobile to stop in the event of a collision, etc., and give his name, address, and the number of his automobile, are inconsistent with the provisions of the Motor Vehicle Act, which declare that such or a similar failure shall be considered an offense only of the grade of a misdemeanor. If this

be so, it may be conceded, as counsel for the defendant contend, that if the defendant's offense had consisted only of his failure to stop and give his name, address, and the number of his automobile, he could not have been rightfully charged and convicted of any greater offense than that of a misdemeanor. But it will be noted that while the information charges the failure of the defendant to stop and give his name and address and the number of his automobile, it also charges the defendant with a violation of those provisions of section 367c of the Penal Code which denounce as a felony the willful failure of the driver of an automobile colliding with another vehicle to render assistance to a person who may have been injured by the collision, and, if required, to carry such person to a physician or surgeon for medical or surgical treatment. The Motor Vehicle Act is silent upon the subject of rendering medical or other assistance to an injured person; and we do not find, and counsel for the defendant do not assert that the provisions of section 367c of the Penal Code, in so far as they cover and control the duty of stopping and rendering assistance, medical or otherwise, in anywise conflicts with the purpose and provisions of the Motor Vehicle Act. The express purpose of the Motor Vehicle Act is to repeal only those acts and parts of acts which are inconsistent therewith; and this being so, we are satisfied that the provisions of the code section in question in so far as they are not inconsistent with the provisions of the Motor Vehicle Act, must be considered as valid and subsisting law, the violation of which may be punished as in that section provided.

The evidence in the case, as previously narrated, was sufficient to sustain the charge of the information that the defendant failed to render any assistance or otherwise to the party injured by the collision, and the provisions of section 367c of the Penal Code denouncing such failure as a felony, not having been repealed or in anywise impaired by the provisions of the Motor Vehicle Act, it must be held that the information charged, and the evidence shows, the violation of the provisions of a valid and subsisting law, which, by the express provisions thereof, might be punished as a felony or as a misdemeanor in the discretion of the court. The fact that the information, in addition to the alleged felonious acts of the defendant, charged conduct which constituted nothing more than a misdemeanor under the provisions of the Motor Vehicle

Act, was but a defect in pleading, which could and doubtless would have been corrected by the interposition of a demurrer. In the absence of a demurrer, however, the defendant will not now be heard to complain that the information charged both a misdemeanor and a felony.

The judgment and order appealed from are affirmed.