[Crim. No 1396.   Second Appellate District, Division One.—January 7, 1927.]

## THE PEOPLE, Respondent, v. ANDY MAZZOLA, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—MAINTENANCE OF PLACE WHERE LIQUOR WAS MANUFACTURED AND KEPT — SUFFICIENCY OF INFORMATION.—An information which charged that defendant violated the Wright Act by unlawfully "maintaining a place where intoxicating liquor was manufactured and kept" is sufficient to inform defendant of the offense of which he was charged, as the word "kept" in the information means "kept for sale or barter, or other commercial purposes."

[2] ID. — PLEADING — INFORMATION. — Generally speaking (subject to some exceptions), an information drawn substantially in the language of the statute is sufficient.

[3] ID.—PLACE WHERE OFFENSE WAS COMMITTED—STATEMENT IN INFORMATION—NECESSITY FOR.—A statement in the information of the particular place in the county where the alleged offense was committed is unnecessary.

2.   See 14 Cal. Jur. 743; 15 R. C. L. 385.
3.   See 14 Cal. Jur. 40; 14 R. C. L. 181.

[4] ID.—PURPOSE OF MANUFACTURING OR KEEPING LIQUOR—EVIDENCE—INSTRUCTIONS—PREJUDICIAL ERROR.—In a prosecution based upon such an information, the trial court committed prejudicial error in refusing to instruct the jury that before the defendant could be found guilty of the offense of which he was charged, the jury must be convinced from the evidence beyond a reasonable doubt that the intoxicating liquor alleged to have been kept at the place specified in the information was manufactured or kept by the defendant *for the purpose of sale or barter or other commercial purposes.*

(1) 33 C. J., p. 733, n. 15.    (2) 31 C. J., p. 708, n. 29; 33 C. J., p. 733, n. 12.    (3) 31 C. J., p. 676, n. 91; 33 C. J., p. 716, n. 90. (4) 33 C. J., p. 736, n. 75, p. 746, n. 43, p. 793, n. 75.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Charles L. Allison, Judge. Reversed.

The facts are stated in the opinion of the court.

C. B. Conlin and E. R. Simon for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner I. Praul for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the offense of "maintaining a place where intoxicating liquor was manufactured and kept."

The prosecution was had under the provisions of the Wright Act (Stats. 1921, p. 79), which in terms adopts the provisions of the National Prohibition Act or the so-called Volstead Act, of date October 28, 1919, and which latter act among other things contains the provision that:

"Any room, house, building, boat, vehicle, structure or place where intoxicating liquor is manufactured, sold, kept or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance," etc.

The information charged that defendant "did wilfully and unlawfully maintain a place where intoxicating liquor was manufactured and kept, . . ."

[1] Appellant contends that because it is not alleged in the information that the intoxicating liquor was manufac-

tured and kept ''for beverage purposes'' or ''for sale, barter or other commercial purposes'' the information failed to state facts sufficient to constitute a public offense.

In support of such contention appellant relies principally upon the cases of *People* v. *Mehra,* 73 Cal. App. 162 [238 Pac. 802], *United States* v. *Dowling,* 278 Fed. 630, and *State* v. *Bulloch,* 151 La. 593 [92 South. 127]. In the case first cited it is held that evidence of mere possession or ''keeping'' of intoxicating liquor is insufficient to support a conviction of maintaining a common nuisance as defined in the statute, but that additional evidence of facts or circumstances reasonably raising the inference of a purpose to sell such liquor must be presented. The case of *United States* v. *Dowling,* in which the defendant was charged with the crime of conspiracy to violate the National Prohibition Act, holds that an indictment which charged the defendant with possession of certain intoxicating liquors without alleging any facts to show that such possession was unlawful did not charge an offense. In the third case it is held that an information which merely charged the defendant with the offense of selling intoxicating liquor was insufficient in that it contained no allegation that such liquor was sold ''for beverage purposes'' as provided by statute.

It is apparent that each of the authorities to which reference has been had is pertinent and applicable to the issues herein involved, and in the absence of countervailing authorities, if not wholly convincing, would be most persuasive. It remains, however, to consider certain other cases directly bearing upon the question of the sufficiency of the information. In each of the several authorities to which attention has been directed the importance to be placed on a proper construction or interpretation of the word ''kept'' is emphasized. In the case of *Street* v. *Lincoln Safe Deposit Co.,* 254 U. S. 88 [10 A. L. R. 1548, 65 L. Ed. 151, 41 Sup. Ct. Rep. 31], in speaking of the significance to be properly attached to the word ''kept'' in the section of the National Prohibition Act there and here under consideration, the supreme court said: ''The word 'kept' in this section is the only one of possible application to the case at bar, and the words with which it is immediately associated are such that, as here used, it plainly means kept for sale or barter, or other commercial purpose.''

In *Singer* v. *United States,* 288 Fed. 695, a conclusion identical in all respects with that reached in the case last cited is reached by the circuit court. In the Mehra case, 73 Cal. App. 162 [238 Pac. 802], upon which reliance is especially placed by defendant, the court quotes with approval the foregoing language used by the United States supreme court in the case of *Street* v. *Lincoln Safe Deposit Co., supra.*

It therefore may be accepted as having been judicially determined that the word "kept," as used in the section of the National Prohibition Act here under consideration, carries with it the meaning that the intoxicating liquor was illegally held or stored for the purpose of selling the same, or of devoting it to other commercial purposes. The language used in the pleading to which objection is made may therefore be said to have legally conveyed to the defendant the information that, included within the charge against him, he was accused of the offense of unlawfully keeping intoxicating liquor for sale, barter, or other commercial use. [2] But aside from such judicial interpretation of the word "kept," it is settled law that, generally speaking (subject to some exceptions), an information drawn substantially in the language of the statute is sufficient. (14 Cal. Jur., secs. 27, 28, and cases there cited.)

In the case of *People* v. *Johnson,* 63 Cal. App. 178 [218 Pac. 449], the defendant was charged with "the crime of maintaining a common nuisance, as said crime is defined by section 21 of the so-called 'Wright Act,'" as was the effect of the charge against the defendant in the instant case. There, as here, an objection was made that the information did not state facts sufficient to constitute a public offense. In discussing the question the court said in part that "the charge as laid is substantially in the language of the statute, which itself fully and clearly describes the offense, and that it is, therefore, in all respects sufficient to inform and to have informed the accused of the specific crime with which he was charged so as to enable him to prepare and interpose thereto any defense available to him. This is all that is required of any criminal pleading."

In *People* v. *Frankovich,* 64 Cal. App. 184 [221 Pac. 671], the defendant was likewise charged with the offense of committing a common nuisance by reason of his violation of the

provision of the National Prohibition Act, as adopted by the Wright Act; and in speaking to the question raised by the appellant on an objection similar to that here under consideration, the court said: "We think, however, that the information, with the requisite clearness and directness, charges the offense sought to be therein stated. It is substantially in the language of the section of the Wright Act or Volstead Act (sec. 21) upon which it is founded, . . . and involves a statement of the acts constituting the offense denounced by said section 'in such manner as to enable a person of common understanding to know what is intended.' (Sec. 950, subd. 2, Pen. Code.) No more is required of a criminal pleading than that 'it be direct and certain, and allege all the acts and facts which the legislature has said shall constitute the offense charged.' . . . No language could be added to section 21 of the Volstead Act, adopted by the Wright Act, which would render its definition of the crime of maintaining a common nuisance clearer or more direct, and hence the general rule that it is sufficient if a crime be stated in an information or indictment in substantial agreement with the language of the statute applies here."

As a conclusion to be deduced from the several authorities to which reference has been had, it is clear that the defendant was in nowise misled by reason of the form of the accusation, but, to the contrary, that in law he was fully cognizant of the charge that was preferred against him.

[3] It is also urged by appellant that the information is defective in that it fails to state the particular place in the county of San Bernardino where the alleged offense was committed. But it appears that such a statement is unnecessary. (*People* v. *Geiger,* 116 Cal. 441 [48 Pac. 389]; *People* v. *Sheldon,* 68 Cal. 434 [9 Pac. 389]; *People* v. *Wooley,* 44 Cal. 494; *People* v. *Eveart,* 1 Cal. Unrep. 217; *People* v. *Redman,* 39 Cal. App. 566 [179 Pac. 725]; *People* v. *Burke,* 18 Cal. App. 72 [122 Pac. 435].)

[4] Prejudicial error is also predicated upon the refusal by the trial court to give to the jury each of three several instructions, by which it was proposed to inform the jury that, before the defendant could be found guilty of the offense of which he was charged, the jury must be convinced from the evidence beyond a reasonable doubt that the in-

toxicating liquor alleged to have been kept at the place specified in the information was manufactured or kept by the defendant *for the purpose of sale or barter, or other commercial purposes.*

By reference to the authorities cited herein, particularly the cases of *Street* v. *Lincoln Safe Deposit Co.,* 254 U. S. 88 [10 A. L. R. 1548, 65 L. Ed. 151, 41 Sup. Ct. Rep. 31], and *Singer* v. *United States,* 288 Fed. 695, it will be remembered that the word "kept," contained within the information herein, "means kept for sale or barter, or other commercial purpose." The information therefore must be considered as though it actually had appropriately inserted therein the language which it impliedly contains; so that it must have been legally understood by the prosecution, as well as by the defendant, that the charge against the defendant included the accusation that at a certain time and place he "did wilfully and unlawfully maintain a place where intoxicating liquor was manufactured and kept for sale or barter, or other commercial purpose." With such an implied allegation in the information, it necessarily devolved upon the prosecution to prove the purpose for which the defendant kept the intoxicating liquor in question. If no evidence was offered as to such allegation, necessarily the case for the prosecution would have failed. On the other hand, if any evidence was offered with reference to such allegation, the defendant was clearly entitled to have the attention of the jury directed thereto in order that the defendant might have the judgment of the jury as to whether the facts adduced were sufficient to convince the jury beyond a reasonable doubt that the purpose of the defendant in manufacturing or keeping the intoxicating liquor was that of making an illegal sale or barter thereof or to devote it to other commercial purposes. As has been indicated herein, although not expressly so stated, the allegation (whether express or implied) of the purpose of the defendant in manufacturing or keeping the intoxicating liquor in question was an essential element or factor in the information against him. In order to support a verdict of guilty against the defendant it was as necessary to make proof of that particular allegation as it was to prove any other allegation in the information. If the defendant was entitled to any instruction in the case, it was that the prose-

cution was compelled to prove beyond a reasonable doubt each and every material allegation of the information. No such instruction nor the equivalent thereof was given. To the contrary, as affecting the particular point here under consideration, in effect the jury was instructed only in the formal language of the information that if it believed that defendant did wilfully and unlawfully maintain a place where intoxicating liquor was manufactured or *kept,* its duty was to find the defendant guilty. No attempt was made to define the word "kept." Without such definition the jury may have had an entirely erroneous understanding of the meaning of the word as applied to the statute here under consideration. The requested instructions which were refused by the trial court sought to instruct the jury as to its duty with reference to an element in the case which was of vital importance to the defendant. It is manifest that, in the refusal of the trial court to so instruct the jury, the defendant was deprived of a substantial right.

The judgment and the order denying the motion for a new trial are reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 3, 1927.