[Crim. No. 1250.   Third Appellate District.—June 1, 1933.]

THE PEOPLE, Respondent, v. ALLISON HOENSCHLE, Appellant.

A. M. Mull, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—The defendant was charged under two separate informations, one for manslaughter, the evidence showing the killing to have been done by an automobile then driven by the defendant, and the other charging the defendant with a violation of section 141 of the California Vehicle Act. Upon arraignment he entered pleas of not guilty and not guilty by reason of insanity to both informations. The cases were consolidated for trial, and at the conclusion thereof a verdict of not guilty was returned on the information charging manslaughter, and guilty of the crime of a violation of section 141 of the California Vehicle Act. Thereafter upon the trial of the issues raised by the plea of not guilty by reason of insanity, the jury found the defendant sane. In due time a motion for a new trial on the charge of violation of section 141 of the California Vehicle Act, and on the finding of sanity were made, and both denied. A motion in arrest of judgment was likewise presented and denied. After judgment and sentence an appeal was taken from the several adverse rulings of the court.

Appellant now urges several specifications of error and those bearing most directly upon the determination of the case will be first considered.

█ Under section 141 of the California Vehicle Act, a defendant may be convicted of any one of several charges, such as failure to stop, render aid, etc., but no instructions were given the jury that they must agree upon at least one of the alternative charges enumerated in the statute and pleaded in the information in order to find the defendant guilty.

In *People* v. *Scofield,* 203 Cal. 703 [265 Pac. 914, 917], the court, considering the precise question here presented, said:

"Here no instruction was requested by the defendant and it is necessary to determine whether the subject matter involved in the omission of the court to instruct related to general principles of law applicable to the cause on trial or related to a specific point developed at the trial.

"It is conceded by the prosecution that a defendant may be convicted under said section 141 of a failure to do any one of several things required of him in the event of a collision with another car or with a human being. Of them he may be convicted of a failure (1) to stop immediately; or (2) to give his name and address; or (3) to give the names and addresses of the passengers in his car; or (4) to give the registration number of his car; or (5) to render necessary assistance. A violation of any of these provisions is in terms made punishable under the penal provisions of the statute. (*People* v. *Kaufman* [49 Cal. App. 570, 93 Pac. 953], *supra.*) A failure to perform any of the required acts is a separate offense. Evidence sufficient to support one charge might be entirely unrelated to and insufficient to support another. The jury might not all agree on any one of the offenses, but might all agree that there had been a violation of some portions of the section. We think the situation here presented called for an instruction from the court on the point contended for by the defendant even though no such instruction was requested. It is difficult to lay down a rule which will fit all cases, but this much may be said, generally, that when a defendant is charged with separate and distinct offenses each requiring independent proof, the court should properly instruct the jury as to each offense even though instructions thereon be not requested by either party."

In the case at bar no instructions as above required were requested nor given by the court.

■ Appellant also contends that the court erred in not permitting the defendant to show that he was found not guilty by reason of insanity on a prior charge of grand theft. The defendant took the stand in his own behalf in an effort to establish an alibi. Upon cross-examination the prosecution brought out from the defendant that he had been previously convicted of the crime of grand theft. On redirect examination counsel for appellant attempted to show that the defendant had to that charge of grand theft interposed a plea of not guilty by reason of insanity, and he endeavored to show the outcome of that plea, but the district attorney interposed an objection to the question, which objection was by the court sustained. This, we believe, is also error. Intent to commit a criminal act is an essential ele-

ment of the crime and it became necessary to establish the finding on the plea of not guilty by reason of insanity before the court could say that the defendant had been convicted of a felony. Although two pleas may be interposed "there is but one trial; the defendant was charged with the commission of but one crime and his pleas to the one accusation constituting his answer and defense tendered the issues for investigation by the court and jury selected to try the case". (*People* v. *Troche*, 206 Cal. 48 [273 Pac. 767, 772].)

█ We also believe the information is subject to the objections pointed out by appellant in that it does not therein appear that the defendant drove or operated a vehicle upon a public highway.

In *In re Worthington*, 21 Cal. App. 497 [132 Pac. 82], the court held that a complaint that charges the violation of an act governing the use of automobiles on public highways, which does not aver that the defendant used or operated his automobile on a public highway fails to state a public offense. The People contend that this rule is superseded by the case of *People* v. *Finley*, 27 Cal. App. 291 [149 Pac. 779], holding that in that case such allegation was not essential, but there the information directly charged the defendant with a violation of section 367c of the Penal Code, which does not refer to public highways, while the case at bar and the Worthington case were based upon complaints filed under statutes governing the use of automobiles upon public highways.

█ Appellant objects to the issue of insanity being tried before the jury which had tried the charge of manslaughter for the reason that the court had discharged the jurors before the calling of the trial on the issue of insanity, but the record shows that no objection was made at the time and counsel accepted without objection the jurors designated by the court and cannot now complain.

We do not believe that the other points urged for reversal require comment, in view of our conclusion that the judgment and order should be reversed. It is so ordered.

Thompson, J., and Plummer, J., concurred.