[Crim. No. 2854. Second Appellate District, Division Two.—April 29, 1936.]

THE PEOPLE, Respondent, v. PAUL D. STANLEY, Appellant.

Harry T. Young for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIL, P. J.— Does an information state facts sufficient to constitute a public offense under section 501 of the Vehicle Code, where it is not alleged therein that the act was committed upon a public highway? This is the sole question which confronts us upon this appeal.

Section 501 of the Motor Vehicle Code reads as follows: "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person, is guilty of a felony

. . . '' etc. While the section limits its application to certain acts committed by a person while driving a vehicle it does not on its face further limit its application to such acts committed upon a public highway, and the defendant must look elsewhere than to the section itself to find support for his contention. Defendant relies upon *In re Worthington,* 21 Cal. App. 497 [132 Pac. 82], and *People* v. *Hoenschle,* 132 Cal. App. 387 [22 Pac. (2d) 777]. The Worthington case reads as follows: ''It appearing to the court that the act which petitioner is charged with having violated is one entitled, an act governing the use of automobiles upon public highways and it not being averred in the complaint that the defendant used or operated his automobile upon a public highway, the complaint failed to state any public offense.'' In the case of *People* v. *Hoenschle, supra,* the court says at page 390, ''The case at bar and the Worthington case were based upon complaints filed under statutes governing the use of automobiles *upon public highways,*'' and again held that such an allegation was essential. The present Vehicle Code contains no such title as indicated in the Worthington case, and if it did contain such a title the title would not now govern—for by direct provision of section 7 of said code it is declared that titles contained therein shall not be deemed to govern, limit or in any manner affect the meaning or intent of any section thereof. A case which is more directly in point is the case of *People* v. *Finley,* 27 Cal. App. 291 [149 Pac. 779], where the court held that such an allegation was unnecessary. We see no merit in the defendant's contention.

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.,* concurred.