[Crim. No. 11878.   Second Dist., Div. Four.   May 12, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. GORDON W. STANSBERRY, Defendant and Respondent.

Byron B. Gentry, City Prosecutor, and David Press, Assistant City Prosecutor, for Plaintiff and Appellant.

Myron W. Curzon for Defendant and Respondent.

CHANTRY, J. pro tem.* — Does Vehicle Code, section 20002, subdivision (a) apply to a "hit and run" accident

*Assigned by the Chairman of the Judicial Council.

occurring upon private property and resulting in injury to private property? This is the question presented in this proceeding.

Defendant was charged in the municipal court with a violation of section 20002, subdivision (a)[1] in that he "did wilfully and unlawfully drive a vehicle which was involved in an accident resulting only in damage to property, and did wilfully and unlawfully fail, neglect and refuse to immediately stop such vehicle at the scene of such accident and comply with provisions of Section 20005 of the Vehicle Code . . ." The jury brought in a verdict of guilty, following which the trial court granted defendant's motion for a new trial and then dismissed the action upon the ground that a charge of violation of section 20002, subdivision (a) could not be successfully established absent proof that the transaction occurred upon a public highway and that the proof necessarily showed that it occurred upon private property. The People appealed from the order granting a new trial and the order of dismissal, and on March 7, 1966, the appellate department of the superior court reversed said orders. The latter court, believing the question to be one of first impression in this state, certified the case on its own motion to this court, and this court ordered it transferred for hearing and decision. (Rules 62 and 63, Cal. Rules of Court.)

It appears from the settled statement upon appeal that defendant drove a motor vehicle onto a private parking lot owned and operated by Endevco Corporation for the use of its permittees; that while driving on the lot defendant was involved in an accident in which damage was caused to a concrete block wall located on the lot and belonging to the corporation; that defendant drove from the scene of the accident without stopping, attempting to locate the owner or person in charge of the damaged property, or notifying anyone of the damage, of his name, of his address, or of the registration number of the vehicle he was driving.

Section 20002 at the time of the filing of the within complaint[2] provided in pertinent part as follows: "(a) The driver of any vehicle involved in an accident resulting in damage to property shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sec-

---

[1] All references herein will be to the Vehicle Code unless otherwise specified.

[2] In 1965 sections 20002 and 20005 were repealed and section 20007 was amended and renumbered 20002. The amended section now covers the subject matter of the repealed sections.

tion 20005 and any person failing to stop or to comply with said requirements under such circumstances is guilty of a misdemeanor . . ." Section 20005 provided: "The driver of any vehicle involved in an accident resulting in damage to property shall take reasonable steps to locate and notify the owner or person in charge of the property of the damage, his name and address, and the registration number of the vehicle he is driving, and shall upon request and if available exhibit his driver's license . . ."

Section 20000 provides: "The provisions of this division apply upon highways and elsewhere throughout the state, unless expressly provided otherwise."

In support of his contention that the complaint fails to charge a public offense in that it does not aver that the accident occurred on a public highway, defendant has relied upon *Matter of Application of Worthington*, 21 Cal.App. 497 [132 P. 82] and *People* v. *Hoenschle*, 132 Cal.App. 387 [22 P.2d 777]. These cases are not in point since the complaints therein were filed under provisions of the Motor Vehicle Act in existence prior to the enactment of the Vehicle Code which governed the use of vehicles "upon any public highway," thus making such an allegation essential. (See *People* v. *Lewis*, 4 Cal.App.2d Supp. 775, 776-777 [37 P.2d 752].) These rulings are inapplicable as a general proposition at the present time (see *People* v. *Stanley*, 13 Cal.App.2d 559 [57 P.2d 146]) and we must look to the particular code sections involved to determine their scope.

Section 20002 does not contain language limiting its operation to highways, nor does it contain any express provisions as to its application; thus its provisions "apply upon highways and elsewhere throughout the State" (§ 20000).

It was contended by defendant in the trial court, and upon the appeal, that the doctrine of *ejusdem generis* should be applied in defining the words "and elsewhere throughout the State" and that by applying this rule the quoted words mean "highways, alleys, streets, freeways, tunnels, bridges, etc.," and do not mean "a privately owned and maintained parking lot."

It must be remembered that the doctrine of *ejusdem generis* "is only a rule of construction, to be applied as an aid in ascertaining the legislative intent, and that it does not control where it clearly appears from the statute as a whole that no such limitation was intended." (*People* v. *McKean*, 76 Cal. App. 114, 121 [243 P. 898]; 45 Cal.Jur.2d, Statutes, § 145, p.

652.) In *City of Los Angeles* v. *Superior Court*, 2 Cal.2d 138 [39 P.2d 401], it was contended that the doctrine should apply in construing the words "mortgage or other lien" contained in section 1248, subdivision 8, of the Code of Civil Procedure, and that said words should be construed as "mortgage or similar lien," or "mortgage and lien of like nature," thus restricting the statute in its application to liens created by the property owner and excluding a street assessment lien created by law. The court, in rejecting this contention, states at page 140: "The rule of construction relied upon is of course not positive or mandatory, but is simply an aid to the ascertainment of the legislative intention. Usually it finds its application in a case where several classes of persons or things are enumerated, and then the provision for 'other' things or persons follows; and not where, as here, but one class is first enumerated."

The word "highway" is defined by section 360 of the Vehicle Code as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Highway includes street." Because of this all-inclusive definition, there would have been no need for the words "and elsewhere" had the Legislature intended to restrict the locus to a public highway. As appellant's counsel argued in the trial court, "the language 'highways and elsewhere throughout the State' cannot by any rule be reduced to mean simply 'highways.' " It must be presumed that every word employed in a statute was intended to have some meaning and to perform some useful office. (45 Cal.Jur.2d, Statutes, § 117, pp. 626-627.) In section 20002 the Legislature has not specifically enumerated particular places or classes of places followed by the general word "elsewhere." Rather, by the use of one compendious word—"highways"—followed by the words "and elsewhere," it is our opinion that the latter words mean elsewhere than on highways as defined by the Vehicle Code. This construction is compelled by several persuasive factors.

Penal Code, section 4, provides that the provisions of that code are to be construed according to their fair import, with a view to effect its objects and to promote justice. "The guiding star of statutory construction is the intention of the Legislature. To the end that it be correctly ascertained the statute is to be read in the light of its historical background and evident objective. (*Stafford* v. *Realty Bond Service Corp.*, 39 Cal.2d 797, 805 [249 P.2d 241]; 23 Cal.Jur., § 148, p. 773); 'the objective sought to be achieved by a statute as well as the evil to

be prevented is of prime consideration in its interpretation.' (*Richfield Oil Corp.* v. *Crawford,* 39 Cal.2d 729, 738 [249 P.2d 600].) '' (*H. S. Mann Corp.* v. *Moody,* 144 Cal.App.2d 310, 320 [301 P.2d 28].) The obvious purpose of sections 20002 and 20005 is to prevent the driver of a vehicle from leaving the scene of the accident without proper identification, and perhaps to minimize the damage. (See *People* v. *Fimbres,* 17 Cal.App. Supp. 778, 781-782 [288 P. 19] ; cf. *People* v. *Scofield,* 203 Cal. 703, 707-708 [265 P. 914] ; *People* v. *Kinney,* 28 Cal. App.2d 232, 237 [82 P.2d 203] ; *People* v. *Green,* 96 Cal. App.2d 283, 288 [215 P.2d 127] ; *People* v. *Jordan,* 214 Cal. App.2d 400, 402-403 [29 Cal.Rptr. 619].) We think that the evil to be remedied is as clearly present when the accident occurs on private property as on property publicly maintained and used.

Further, the history of this legislation shows that, contrary to defendant's contentions,[3] no substantial change was made in the existing law when the Vehicle Code was recodified in 1959. Rather, it indicates a considered course on the part of the Legislature to make certain provisions of the Vehicle Code relating to accidents and public offenses applicable to private property as well as highways unless a particular section specifically provides otherwise. If it had been intended to apply section 20002 only to highways the Legislature undoubtedly would have so indicated. (Cf. § 23102, hereinafter discussed.)

Former section 457 (1935-1959) provided that the provisions of division 9 ''except those of Chapters 4 and 5, relating to the operation of vehicles refer exclusively to the operation of vehicles upon the highways, unless a different place is specifically referred to in a given section. The provisions of Chapters 4 and 5 of this division apply throughout the State unless otherwise indicated.'' Division 9 of the code during that period was entitled ''Traffic Laws'' and chapter 4 thereof contained the sections concerning accidents and the duty to stop and report; chapter 5 contained the sections relating to felonies and other offenses. The material contained in former division 9 was rearranged and former section 457 was replaced by four new sections to cover the new setup as follows: Section 10850 provides that the provisions of chapter 4 of division 4

---

[3]Defendant appears to concede that from the time of the enactment of the 1935 Vehicle Code to 1959 there could be a hit-and-run violation "anywhere in the State," but that the 1959 code by section 20000 has restricted applicability to highways.

relating to theft and injury of vehicles shall apply to vehicles "upon the highways and elsewhere throughout the State." Section 20000 contains the same provision applicable to division 10 concerning accidents and accident reports. Section 21001 provides that the provisions of division 11 (Rules of the Road) "refer exclusively to the operation of vehicles upon the highways, unless a different place is specifically referred to." However, section 23100 specifically provides that the provisions of chapter 12 of said division (div. 11) relating to public offenses "apply to vehicles upon the highways and elsewhere throughout the State unless expressly provided otherwise."

Section 23102 (former § 502), the misdemeanor drunk driving statute, expressly limits itself to the driving of a vehicle "upon any highway." Obviously, under this section it must be alleged and proved that the vehicle was driven upon a highway. Such has always been the law (See *People* v. *Kelly*, 70 Cal.App. 519 [234 P. 110]; *People* v. *Lewis, supra,* 4 Cal. App.2d, Supp. 775, 779; *People* v. *Knight*, 35 Cal.App.2d 472 [96 P.2d 173]; *People* v. *Clark*, 202 Cal.App.2d 513, 516 [20 Cal.Rptr. 803].) On the other hand, section 23101 (former § 501), the felony drunk-driving statute, does not limit its application to acts committed upon a highway, and it has been held that there may be a violation thereof by the driving of a vehicle either on private property or a public highway. (*People* v. *Stanley, supra,* 13 Cal.App.2d 559; *People* v. *Gossman*, 95 Cal.App.2d 293, 295-296 [212 P.2d 585].) These decisions are persuasive as to the interpretation to be given to sections 20002 subdivision (a) and 20000.

It appears to be the general rule that where so-called "hit-and-run" statutes are silent with respect to the place where the alleged hit-and-run offense must occur in order to constitute a violation of the statute, it is not necessary to allege and prove that the offense was committed on a public highway, but that the statute applies to accidents occurring on private property, or off a public highway. (See Note 77 A.L.R.2d 1171-1173; 61 C.J.S., § 674, p. 817.) In *State* v. *Gallagher* (1959) 102 N.H. 335 [156 A.2d 765, 77 A.L.R.2d 1167], the court was presented with a question similar to that which is now before us. It is there stated, page 767 [156 A.2d]: "Although New Hampshire has not adopted the Uniform Vehicle Code, the following comment on statutes similar to ours is pertinent: 'While the Uniform Vehicle Code expressly says it shall apply "upon highways and elsewhere throughout the state," (sec. 10-101, Uniform Vehicle Code (1956)) the

same would be true of statutes which make no reference to the accident occurring on a highway as an element of the offense. In view of the salutary purpose of the law, it is obvious that the legislators intended to provide the same assurance and protection to all persons damaged or injured, regardless of where the accident occurs.' Donigan & Fisher, Know the Law, p. 97 (1958)." The court further states, pages 767-768: "While the decisions are not numerous, cases from other jurisdictions have construed statutes similar to ours as not limited to public highways. In *Salazar* v. *State*, 145 Tex. Crim. Rep. 478 [169 S.W.2d 169], the court reasoned as follows: 'We find no difficulty in reaching a conclusion that article 1150 of the Penal Code applies to an offense which it describes, whether the crime is committed on a public highway, a private drive, or one's individual property. . . . If it had been intended to apply the law only to public highways, undoubtedly the legislature would have so indicated, as it has specifically done in the case of drunk driving and numerous other offenses. In the absence of some restriction or of language which would make it apply to public highways alone, we may be assured that the legislature intended the law to apply at any place where such collisions may occur.' To the same effect is *Meadows* v. *State*, 211 Miss. 557 [52 So.2d 289]. Cf. *Sipe* v. *Moyers,* 353 Pa. 75 [33 A.2d 263]; *Paduchik* v. *Mikoff*, 158 Ohio St. 533 [110 N.E.2d 562].

"The fact that the Legislature did not specify that the hit-and-run offense should occur on public highways is some indication that they did not intend to so limit it. Although this statute has been amended from time to time since it was originally enacted in 1911 . . . it has never required the offense to be committed on a way or a public highway. The growing practice of banks, supermarkets, and amusement centers and other organizations to maintain large parking facilities for public convenience, although privately owned, is an added reason why the statute should not be restricted in scope in the absence of a clear legislative intent to do so. It is as necessary to public safety that an accident occurring on private property used by a large number of individuals be reported as in the case of an accident on a public way. Accordingly, we conclude that the hit-and-run statute is not limited in its application to public highways or ways and includes in this case the parking lot of the Elks Club." The court further states, page 768: "The constitutionality of the statute is not dependent upon the fact that a privilege to operate a motor vehicle usually is

exercised on public highways. Whether the operation of a motor vehicle is considered a privilege or a right . . . it is subject to reasonable conditions in the interest of public safety.''

The orders of the municipal court in case number M 72255 granting a new trial and dismissing the action are reversed.

Files, P. J., and Kingsley, J., concurred.